Julia **SCHWARTZ** and Julius Schwartz, her now deceased husband, Plaintiffs,

v.

Howard **PATTIZ** and Sidney Kleg, Defendants.

No. 61 C 379(3).

United States District Court
E. D. Missouri, E. D.

Jan. 23, 1967.

Leo M. Newman, St. Louis, Mo., for plaintiffs.

Bernard Susman, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This matter is before the Court on motion of plaintiff Julia Schwartz to correct the record nunc pro tunc. After argument and being fully briefed by the parties, the matter is submitted to the Court for decision.

The Court file in this case discloses that the original complaint was filed on November 29, 1961, and that thereafter on January 9, 1962 the defendants filed an answer and counterclaim seeking actual and punitive damages aggregating $60,000. Plaintiffs filed a reply to the counterclaim on January 29, 1962. The case was set for trial on the trial docket of April 26, 1962, and reset for October 15, 1962. On October 12, 1962 the setting was vacated and the cause was passed for settlement.

The action was on a promissory note payable in installments and containing an acceleration clause. The original complaint invoked the acceleration clause. The parties through their respective attorneys negotiated a settlement. Although the evidence does not spell out the settlement terms in detail, it is evident that the settlement did not encompass a release of any installments which, absent acceleration, were not then due.

A Stipulation for Dismissal was prepared in November, 1962. One of plaintiffs' counsel was in doubt whether under the general language of the Stipulation a suit on subsequently accruing installments would be barred, so it was decided to reduce the prayer of the complaint to the aggregate amount of the delinquent installments. Since the amount then due was only $675, plaintiffs' counsel became concerned whether the amendment would remove the matter from federal jurisdiction. He discussed this question with defendants' attorney and they agreed the matter should be handled by amended complaint. Before the amended pleading was drafted, plaintiffs' counsel conferred with this Court and the Court assured plaintiffs' counsel jurisdiction would not be affected. The Amended Complaint reflecting the parties' understanding was then prepared. Reference to the acceleration clause was deleted and recovery was sought for only the past due installments. The Stipulation for Dismissal had been dated November 8, 1962, but this date was changed to December 20th and the change in date was initialled by plaintiffs' counsel.

On December 15, 1962 counsel for plaintiffs mailed to defendants' attorney a copy of the Amended Complaint and the original and two copies of the Stipulation containing the change in date as initialled, together with an explanatory letter. Prior to the time the original Stipulation for Dismissal was filed in this Court, the change in the date was initialled by defendants' attorney and one copy was returned by him to plaintiffs' counsel as the letter requested. The purpose of changing the date on the Stipulation for Dismissal was to make certain that it would apply to the amended rather than to the original complaint. The stipulation was filed on January 11, 1963.

The relief sought on the present motion is an order correcting the record to show that the Amended Complaint was

filed prior to the date of the Stipulation for Dismissal. Defendants are represented on the motion by the same attorney who acted for them in 1962. He did not testify, and although denying in an unsworn statement that he had agreed to the Amended Complaint, he did not otherwise dispute the fact that he had received a copy of the Amended Complaint as well as the Stipulation for Dismissal with the date as changed, nor that he knew the purpose for amending the Complaint and changing the date on the Stipulation for Dismissal. He relies on the provision of Rule 15(a) of the Federal Rules of Civil Procedure, to the effect that if, as here, the case has been placed on the trial calendar, a "party may amend his pleading *only* by leave of court or by written consent of the adverse party", contending that he had not consented in writing to the amendment of the Complaint and therefore the amendment is without legal effect and could not have been filed at all.

■ The evidence adduced at the hearing on this motion reveals, and the Court so finds, that the Amended Complaint was submitted to this Court on or about December 15, 1962, at which time counsel for plaintiffs asked leave to file the Amended Complaint. The evidence was that the Court then told counsel for plaintiffs that leave to file was granted, and the Amended Complaint was placed in the file by the Court with the statement that he would take care of the matter. This evidence accords with the Court's recollection, and the Court so finds. However, although the Amended Complaint has remained in the file, it was not entered of record as having been filed.

It is clear that leave of Court to file the Amended Complaint was in fact granted, even though such leave is not evidenced in writing. Although it is customary to grant leave to amend in writing we find no mandatory requirement to such effect. We are of the opinion

that Rule 15(a) was complied with, leave of Court having actually been granted for the filing of the Amended Complaint.

■ The Court is further of the opinion that under the circumstances of this case, counsel for defendants, the adverse parties, is estopped to deny that written consent was given by him for the filing of the Amended Complaint. The amendment was prepared pursuant to an agreement and understanding between counsel for the parties and with the express knowledge on the part of defendants' counsel that the Amended Complaint would be filed. He initialled and agreed to the change of date on the Stipulation for Dismissal. Both parties intended to and did act upon the Amended Complaint. It does not now lie in the mouth of defendants' counsel to insist that plaintiffs should have obtained his written consent. Cf. Fleetwood v. Milwaukee Mechanics Ins. Co., D.C.W.D.Mo., 87 F.Supp. 353, 354. In any event, as we have held, leave of Court was granted.

■ The rule applicable to applications for entries nunc pro tunc is stated as follows in Matthies v. Railroad Retirement Board, 8 Cir., 341 F.2d 243, 248,

"All courts have the inherent power to enter orders *nunc pro tunc* to show that a thing was done at one time which ought to have been shown at that time. It is an entry now for something previously done so that the record may actually speak the truth."

■ There can be no doubt the Amended Complaint was in fact filed with the Court on or about December 15, 1962, but that through inadvertence the filing date was not noted thereon by the Judge. However, the pleading in question was duly transmitted by the Judge to the office of the Clerk together with the Court file, and, as above noted, the Amended Complaint has remained physically in the Court file ever since it was so filed by leave. An entry at this time to show the filing of the Amended Complaint on or about Decem-

ber 15, 1962 would result simply in the record speaking the truth.

Rule 60(a) of the Federal Rules of Civil Procedure clearly authorizes the Court to grant plaintiff the relief which she here seeks. The rule provides that clerical mistakes in judgments, orders or other parts of the record and *errors therein arising from oversight or omission* may. be corrected by the Court at any time.

■ It is the Court's further view that although the motion is not so framed, plaintiff is in any event entitled to relief under Rule 60(b) (6) of the Federal Rules of Civil Procedure, which authorizes the Court to relieve a party from a final judgment, order or proceeding. On the face of the present record, absent the correction thereof, the dismissal with prejudice pursuant to the stipulation might be held to constitute an adjudication on the merits of the entire claim which was asserted in the original Complaint. In fact, the instant motion was precipitated by defendants' recent assertion of such a contention of res judicata in an action which was subsequently filed against them to recover the balance on the note. To permit such an inequitable result solely because of clerical and ministerial omissions for which plaintiff is not responsible would not accord with right and justice.

Accordingly, the motion of plaintiff to correct the record nunc pro tunc should be and is hereby sustained. It is hereby ordered that the entry of January 11, 1963 showing the filing of the Stipulation for Dismissal, and the dismissal of this cause and counterclaim entered January 11, 1963, be and the same are hereby set aside and the Clerk of this Court is ordered to correct the record to show that the Amended Complaint was filed by leave of Court on December 15, 1962, to file said Amended Complaint as of said December 15, 1962, and then re-enter the filing of the Stipulation for Dismissal as of January 11, 1963, and thereupon the Amended Complaint and the counterclaim shall be dismissed with prejudice as of January 11, 1963.