Howard PATTIZ and Sidney Kleg,
Appellants,

v.

Julia SCHWARTZ and Julius Schwartz,
Appellees.

No. 18780.

United States Court of Appeals
Eighth Circuit.

Jan. 15, 1968.

Paul H. Schramm, Clayton, Mo., for appellant; Bernard Susman, St. Louis, Mo., on the brief.

Hubert Binowitz, St. Louis, Mo., for appellee.

Before VOGEL, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

The district court's memorandum is reported as Schwartz v. Pattiz, 41 F.R.D. 456 (E.D.Mo.1967).

 This diversity case seems to be beset with more than its share of procedural difficulties. Not the least was the failure of the plaintiffs in their orig-

inal and amended complaints to allege diversity of citizenship rather than mere diversity of residence. This, of course, as this court repeatedly has held, does not satisfy the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) (1). Texaco-Cities Service Pipe Line Co. v. Aetna Cas. & Sur. Co., 283 F. 2d 144 (8 Cir. 1960); Burkhardt v. Bates, 296 F.2d 315 (8 Cir. 1961); Russell v. New Amsterdam Cas. Co., 303 F.2d 674, 681 (8 Cir. 1962). See National Farmers Union Property & Cas. Co. v. Fisher, 284 F.2d 421, 422–423 (8 Cir. 1960). However, pursuant to the provisions of 28 U.S.C. § 1653, we authorized amendment of the jurisdictional allegations if the facts were supportive. Such amendment has now been effected and we are satisfied as to our diversity jurisdiction.

With this settled, we turn to the chronology of the litigation:

1. In November 1961 the plaintiffs Julia and Julius Schwartz, who are the appellees here, sued the defendants in federal court for alleged defaults in the payment of instalments called for by the terms of a promissory note executed by the defendants as co-signers in August 1959. The complaint invoked the note's acceleration clause and sought recovery of the entire remaining principal, then amounting to $23,343.32, and, in addition, interest and attorney's fees.

2. The defendants by their answer alleged that the note was a nullity because of representational fraud with respect to the real estate for which it was given in part payment. By an accompanying counterclaim the defendants sought cancellation of the note or, in the alternative, actual and punitive damages aggregating $60,000.

3. The plaintiffs by their reply denied the fraud allegations of the counterclaim and alleged payment by the defendants, for more than two years and without complaint, of monthly instalments called for by the note.

4. Trial settings were vacated and the case was passed for settlement. The parties entered into negotiation and they, with their attorneys, executed a Stipulation for Dismissal on November 8, 1962. The stipulation recited that the matters in controversy in the "complaint and counterclaim" were compromised and settled and that it was agreed that the cause "shall be dismissed with prejudice to any other or future action on account of the matters" therein contained.

5. Plaintiffs' counsel became concerned that the stipulation might preclude a further suit in the event of default in the payment of subsequently accruing instalments. The amended complaint was then prepared. This did not invoke the note's acceleration clause and sought recovery only of the then delinquent instalments. These were three in number and aggregated $675. On December 15, 1962, plaintiffs' counsel forwarded to defendants' counsel a copy of the amended complaint and two copies of the Stipulation for Dismissal with the stipulation's original date of November 8 changed to December 20, 1962, and with the date change initialed by plaintiffs' counsel. Defendants' counsel initialed the date change and returned one copy of the stipulation.

6. Also, on December 15, 1962, the original of the amended complaint was submitted to Judge Regan and placed by him directly in the court file. It was not delivered at that time to the clerk or marked filed by the clerk.

7. On January 11, 1963, the Stipulation for Dismissal was filed by defendants' counsel.

The matter, thus developed, then lay dormant for more than three years until 1966.

8. On April 27, 1966, plaintiff Julia Schwartz (plaintiff Julius Schwartz having died in the interim), now represented by her present counsel, instituted against the defendants another federal diversity suit on the same note. This new complaint alleged default in the instalments due in February, March and April 1966, invoked the note's acceleration clause, and sought recovery of the

entire then remaining principal, amounting to $16,995.31, and, in addition, interest and attorney's fees. The defendants responded with a motion to dismiss on the ground of res judicata. Memoranda were filed by both sides. On October 25, 1966, by leave of court, Rule 41(a) (2), Fed.R.Civ.P., the plaintiff dismissed this second suit without prejudice and at her cost.

9. On November 10, 1966, Mrs. Schwartz, referring to Rule 60(a), Fed.R.Civ.P., filed her motion to correct the record in the 1961 suit nunc pro tunc to reflect the filing of the amended complaint on December 15, 1962. The motion alleged the 1962 delivery of the amended complaint to the court for the purpose of filing; the failure of the clerk to enter the filing in the court's records; oversight in such failure; Mrs. Schwartz' ownership in all rights in the cause by virtue of surviving her husband; the understanding and intention on the part of all parties and the court that the amended complaint was actually filed and entered; and possible detriment to the plaintiff because of the failure to enter the filing. This motion was heard by Judge Regan and evidence was presented by the plaintiff by way of testimony from the attorney who first had represented the plaintiffs. The defendants presented no evidence but took the position that the court was without jurisdiction to enter any order sought by the motion.

10. Judge Regan, by opinion and order filed January 23, 1967, granted the motion to correct the record. 41 F.R.D. 456. He found that the settlement did not encompass a release of instalments which, absent acceleration, were not then due; that plaintiff's counsel was then in doubt whether, under the general language of the stipulation, a suit on subsequently accruing instalments would be barred; that he was also concerned whether an amendment to cover only then due instalments would destroy federal diversity jurisdiction; that counsel for both sides agreed the matter should be handled by amended complaint; that the court assured plaintiffs' counsel that jurisdiction would not be affected;[1] that the date change in the stipulation was initialed by the defendant's counsel; that the purpose of changing the date was to make certain that it would apply to the amended rather than to the original complaint; that the amended complaint was submitted to the court on or about December 15, 1962; that leave to file it was granted by the court although not evidenced in writing; that the amended complaint was placed in the file by the court with the statement that he would take care of the matter; that it has remained in the file but was not entered of record; that the alternative leave of court requirement of Rule 15(a) was met; that an entry at this time to show the 1962 filing would result simply in the record's speaking the truth; and that the relief was authorized by Rule 60(a) and, in any event, by Rule 60(b) (6). The court then "ordered that the entry of January 11, 1963 showing the filing of the Stipulation for Dismissal, and the dismissal of this cause and counterclaim entered January 11, 1963, be and the same are hereby set aside"; that the record be corrected to show the filing of the amended complaint by leave of court on December 15, 1962; that the stipulation for dismissal be then reentered as of January 11, 1963; and that the amended complaint and the counterclaim be dismissed with prejudice as of that date. P. 459 of 41 F.R.D.

11. On February 8, 1967, plaintiff Julia Schwartz instituted another diversity suit against the defendants, seeking the same relief requested in the 1966 action.

12. On February 14, 1967, the defendants filed a notice of appeal "from the judgment and order entered herein on January 23, 1967".

Such is the procedural record of this litigation.

1. See Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292–296, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Wright, Federal Courts, § 33, p. 93 (1963).

■ The case obviously is not without its procedural complexities. We are satisfied, however, that the trial court possessed the power, under Rule 60(a),[2] Fed.R.Civ.P., to enter its order of January 23, 1967. The first sentence of Rule 60(a) was derived, at least in part, from Equity Rule 72 and its reference to "errors arising from any accidental slip or omission". 6A Moore's Federal Practice, par. 60.05 (2d Ed. 1966); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1321, p. 390 (Wright Edition 1958). What the court here was effectuating, it seems to us, was nothing more than the correction in the formal record of a gap or error "arising from oversight or omission", within the definite and positive language of Rule 60(a)'s first sentence. The intent of the parties and, indeed, of the trial court itself, is clear. Counsel and the litigants all had signed the Stipulation for Dismissal and the defendants had even made payments of installments coming due after January 1963. As the district court stated, p. 459 of 41 F.R.D., its action "would result simply in the record speaking the truth". This very phrase appears in 3 Barron and Holtzoff, Federal Practice and Procedure, § 1324, p. 398 (Wright Edition 1958). Professor Moore has observed, "The errors envisioned by Rule 60(a) cover such things as misprisions, oversights and omissions, unintended acts or failures to act". 6A Moore's Federal Practice, par. 60.06(1), p. 4042 (2d Ed. 1966). The district court by its order recognized only what was understood, what was intended, what was agreed, and what the court itself had accepted as the resolution of the litigation then pending. No prejudice could possibly result from what the court did. The situation is akin, we feel, to that in Hamilton v. Stillwell Van & Storage Co., 343 F.2d 453, 455 (3 Cir. 1965). See Jackson v. Jackson, 107 U.S.App.D.C. 255, 276 F.2d 501, 503 (1960), cert. denied 364 U.S. 849, 81 S.Ct. 94, 5 L.Ed.2d

73, and First Nat. Bank in Greenwich v. National Airlines, Inc., 167 F.Supp. 167 (S.D.N.Y.1958).

■ Further, we regard the situation here as also one of "clerical mistake" within the meaning and reach of Rule 60(a). We are not persuaded by the defense argument that the Rule's reference to a clerical mistake is necessarily confined to one committed only by the clerk. Professsor Moore is not so persuaded, for he states unequivocally, "Relief may be had from the clerical mistakes of the court, clerk, jury or party". 6A Moore's Federal Practice, par. 60.06 [3], p. 4044 (2d Ed. 1966). Neither was the court which decided In re Merry Queen Transfer Corp., 266 F.Supp. 605, 607 (E.D.N.Y. 1967). We do not regard as contrary authority the statement, "A clerical error is generally defined as an error made by a clerk in transcribing or otherwise", which appears in West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702, 705 (5 Cir. 1954), cited to us by the defense. To say that a clerical error is "generally" one made by a clerk is not to say that it is exclusively so. In any event, we would have no difficulty even in concluding that the omission and failure to have the amended complaint formally entered on the clerk's docket (when that amended complaint had been accepted by the court and had lain in the file in the clerk's possession continuously since 1962) was, despite the clerk's lack of awareness thereof, a mistake on the part of the clerk.

See, generally, Matthies v. Railroad Retirement Bd., 341 F.2d 243, 248 (8 Cir. 1965); Mitchell v. Overman, 103 U.S. 62, 64–65, 26 L.Ed. 369 (1880); 6A Moore's Federal Practice, par. 58.08 (2d Ed. 1966).

■ The plaintiff suggests that this is an appropriate case for the award of damages, under 28 U.S.C. § 1912, on af-

---

2. Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *

firmance. Although we have made such an award on occasion, see Layton v. Selb Mfg. Co., 359 F.2d 715, 717–718 (8 Cir. 1966), cert. denied 385 U.S. 929, 87 S.Ct. 288, 17 L.Ed.2d 211, we are disinclined, under all the circumstances of this case, to do so here.

Affirmed.