**ATLANTIC RICHFIELD COMPANY,
Plaintiff-Appellee,**

v.

**MALCO PETROLEUM, INC., et al.,
Defendants-Appellants.**

**No. 72–1395.**

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 1972.

Irving I. Saul, Dayton, Ohio, for defendants-appellants.

George F. Karch, Jr., Cleveland, Ohio, for plaintiff-appellee; William D. Ginn, Thompson, Hine & Flory, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Appellant Malco Petroleum, Inc. (Malco)[1] agreed in 1965 to become a distributor of Atlantic Richfield Company (Atlantic)[2] products. At the same time that the distributor agreement was signed, Atlantic lent Malco $200,000 at low interest. The debt was evidenced by

1. The appellants are Malco Petroleum, Inc., Jack Malamud, Anne J. Malamud, Neil Malamud and Sandra Malamud. The Malamuds are the owners of Malco Petroleum, Inc. All appellants are treated as one in this appeal.

2. Atlantic Richfield Company is the successor by merger to Sinclair Oil Refining Company, which signed the agreement with Malco in 1965.

a promissory note from Malco to Atlantic. According to the terms of the promissory note, there would be a low interest rate charged on the principal,[3] which would become due at the termination of the distributor agreement. Atlantic was given the right, under the distributor agreement, to terminate the agreement with six month's notice.

In January 1968, Atlantic served notice on Malco of the termination of the sales contract, effective July 31, 1968, and called upon Malco to repay the loan at that time. No payment was made on or after that date and in September 1968 an action was brought by Atlantic on the note. Both parties disagreed as to the proper construction of the termination provisions of the agreement. The District Court reformed the contract to conform with the proven intention of the parties that the distributor's agreement be cancellable as of July 31, 1968. Judgment was awarded Atlantic in District Court on the note as reformed after 23 affirmative defenses and two of the three counterclaims asserted by Malco were overruled. The third counterclaim has been severed by the District Court and will be tried with another suit now pending between the parties.[4]

Malco appeals the judgment on the promissory note, claiming that it should have been permitted to raise as a defense to the promissory note the claim that the note was part of an illegal tying agreement in violation of the anti-trust laws under § 1 of the Sherman Act and § 3 of the Clayton Act. The District Court had granted Atlantic's motion to strike this defense of Malco's before trial.

■ A tying agreement, which is "an agreement by a party to sell one product but only on the condition that the buyer also purchase a different (or tied) product," Northern Pacific Railway Co. v. United States, 356 U.S. 1, 5, 78 S.Ct. 514, 518, 2 L.Ed.2d 545 (1958), is a violation, under certain circumstances, of § 1 of the Sherman Act and § 3 of the Clayton Act. As a violation of these acts, the tying agreement gives rise to a cause of action for treble damages. 15 U.S.C. § 15.

■■ Sometimes a party will claim the existence of such an illegal tying arrangement as a defense to a suit on a debt or contract in furtherance of such an arrangement. The use of this defense, however, is not favored and has been limited' by the Supreme Court strictly to situations where enforcement of a debt or contract would make the courts "a party to the carrying out of one of the very restraints forbidden by the Sherman Act." Kelly v. Kosuga, 358 U.S. 516, 520, 79 S.Ct. 429, 432, 3 L.Ed. 2d 475 (1959); See also Tampa Electric Co. v. Nashville Coal Co., 276 F.2d 766 (6th Cir. 1960), rev'd on other grounds, 365 U.S. 320, 81 S.Ct. 623, 5 L.Ed.2d 580 (1961). The reason for such a narrow limitation on the use of the tying claim as a contract defense is the general policy of the law to bar a party from benefitting from his own wrong or gaining a windfall. As Mr. Justice Holmes phrased it, there is a general policy "of preventing people from getting other people's property for nothing when they purport to be buying it." Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U.S. 227, 271, 29 S.Ct. 280, 296, 53 L.Ed. 486 (dissenting opinion).

Instead of claiming the tying agreement as a defense to a contract claim, the purchaser can seek treble damages against the seller.

This Circuit has applied the *Kelly* distinction between contracts violative of

---

3. The effective interest rate on the $200,000 was two and one-eighth per cent. There was no interest charged on the first $100,000, four per cent on the next $50,000 and four and one-half per cent on the next $50,000. After maturity of the principal, the agreement provided for eight per cent interest.

4. The other case, which is for treble damages for an antitrust violation, is Malamud v. Sinclair Oil Corp., Case C 68–873.

the antitrust law in and of themselves and separable legal transactions which are valid. Associated Press v. Taft-Ingalls Corp., 340 F.2d 753, 759, (6th Cir.), cert. denied 382 U.S. 820, 86 S.Ct. 47, 15 L.Ed.2d 66 (1965); Kentucky Rural Electric Cooperative Corp. v. Moloney Electric Co., 282 F.2d 481 (6th Cir. 1960), cert denied, 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961). In the *Associated Press* case, this court refused to enforce a contract mandating purchase of unwanted and unnecessary services from the Associated Press by a Cincinnati newspaper which had ceased publication. This court found that the contract itself was violative of the Sherman Act and the District Court could not enforce the contract and thereby force the purchaser to violate the Act. In that case the seller was seeking to enforce an executory contract of sale of the tied product.

■■ Appellant here urges that the arrangement in this case constituted a tying arrangement illegal on its face and that the enforcement of the promissory note will, in effect, constitute the enforcement of the tying agreement. Appellant claims that the tying product was the credit in the form of the loan and the tied products were the Atlantic petroleum products sold to Malco under the distributor agreement. We disagree.

The promissory note at issue is the evidence of a valid loan. Malco itself insisted on the making of such a loan. Malco has had the unrestricted use of the $200,000 for over seven years and has yet to repay any of it. The appellant will not be allowed to use the antitrust law to avoid paying its just debts. If there was an illegal tying agreement and if the distributor here was injured, there is an adequate remedy under the provisions of the antitrust laws. This court is informed that such an action by Malco against Atlantic is pending in the District Court.

This opinion is not to be construed as indicating any view as to the presence or absence of a tying agreement here. This issue is not before us. We do nothing more than rule that the tying claim in this case may not be interposed as a defense to the suit on the promissory note.

The judgment of the District Court on the promissory note, as reformed, is affirmed.