559 P.2d 669

**PHOENIX NEWSPAPERS, INC., Appellant,**

v.

**William SCHMUHL, Jr. and Victoria J. Schmuhl, husband and wife, Appellees.**

**No. 1 CA–CIV 3013.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 9, 1976.

Rehearing Denied Dec. 15, 1976.

Petition for Review Denied Jan. 11, 1977.

---

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Robert S. Porter, Phoenix, for appellant.

Goldstein, Mason & Ramras, Ltd. by Philip T. Goldstein, Thomas C. Mason, Kraig J. Martin, Phoenix, for appellees.

## OPINION

OGG, Judge.

The plaintiff/appellant Phoenix Newspapers, Inc. filed a two count complaint against the defendant/appellees William Schmuhl, Jr. and Victoria J. Schmuhl. In count one the Newspaper sued Schmuhl for breach of contract, alleging that he was wrongfully withholding advance newspaper subscription payments in the sum of $5,269.05, which he had collected while working under a distribution agreement with the newspaper. In count two the Newspaper sued to collect the sum of $880.96 from Schmuhl for payment of newspapers sold and delivered to him on an open account.

Schmuhl answered the complaint, setting forth federal and Arizona anti-trust defenses, together with compulsory counterclaims for damages for malicious interference with business relations and violations of state anti-trust laws. Schmuhl also pleaded the statute of limitations as an affirmative defense.

After Schmuhl filed a motion for summary judgment and memoranda were submitted in opposition to and in support of the motion the pertinent issues for this appeal narrowed to: 1) whether the Newspaper's claims were barred by the statute of limitations; and 2) whether the Newspaper's claims were barred because of the Newspaper's violation of federal anti-trust laws.

The trial court granted Schmuhl's motion for summary judgment and the Newspaper filed this appeal.

## THE STATUTE OF LIMITATIONS ISSUE

■ Although there is a dispute as to whether the 3 year or 4 year statute of limitation should be applied, we need not lengthen this opinion with such a discussion since it is our opinion that the Newspaper's

claim is not barred by any statute of limitation.

Schmuhl is estopped to raise the statute of limitations in defense of the Newspaper's claims. Our decision is based upon the following facts. For some period of time Schmuhl, as an independent contractor, had purchased newspapers from Phoenix Newspapers, Inc. for delivery to his own customers. On February 8, 1970, the Newspaper terminated this business arrangement by refusing to sell any further papers to Schmuhl. On March 8, 1970, the Newspaper filed an action in the Maricopa County Superior Court to collect $5,269.05 based upon claims assigned to it by Schmuhl's former customers. Schmuhl had collected this sum in advance subscription payments and the Newspaper, after taking an assignment of the customers' claims, had proceeded to furnish newspapers to these subscribers without any further charges until the advance subscription commitment had been satisfied. The Newspaper also sought to collect the sum of $880.96 for papers furnished to Schmuhl on an open account. Schmuhl refused any payment and on April 28, 1970, he filed a complaint for treble damages in the United States District Court, alleging the actions of the Newspaper were violations of the Sherman Anti-Trust Act.

On November 20, 1970, the Maricopa County Superior Court set the trial date for March 19, 1971. Thereafter, the attorneys for both parties agreed to defer litigation of the state action and written stipulation was entered into between opposing counsel, reading:

The *trial* of the above entitled and numbered cause *be continued indefinitely* and the case be placed on the inactive calendar for a period of six months because the litigants are presently parties to a presently pending action in the U.S. District Court for the District of Arizona, No. CIV 7264–PHX, captioned *William Schmuhl, Jr., et ux, plaintiffs, v. Phoenix Newspapers, Inc., an Arizona corporation, defendant, wherein many of the same factual and legal issues will be tried as that at bar* and accordingly the parties are of the opinion that *this action should abate pending determination of the Federal Court action.* (Emphasis supplied).

On November 10, 1971, the Maricopa County Superior Court dismissed the state case without prejudice for lack of prosecution. The case in the federal court was then tried and judgment was rendered on June 4, 1973, in favor of Schmuhl and against the Newspaper. The federal case disposed only of the anti-trust issues and the collection of the money which is the subject matter of this case was never litigated in the federal action.

The Newspaper appealed the Arizona District Court decision to the Ninth Circuit Court of Appeals and that appeal was pending at the time the Newspaper refiled the original cause of action on May 13, 1974, which is the subject of this appeal.

It is clear that when the original cause of action was filed on March 18, 1970, the action was timely and not barred by any statute of limitation. It is also clear that the statute of limitations would bar the recovery to at least some of the Newspaper's claims in the present cause of action filed May 13, 1974.

It is our opinion that Schmuhl is estopped from raising the defense of the statute of limitations. The parties agreed by stipulation that the cause "be continued indefinitely" and that "this action should abate pending determination of the federal court action."

It appears that the only fair interpretation of this stipulation was to preserve the cause of action involving the Newspaper's claim for collection against Schmuhl until the federal case had been finally terminated.

The agreement between the parties as set forth in the stipulation was not altered simply because the state court, pursuant to its rules of procedure, dismissed the original cause without prejudice for a failure to bring the original case to trial in a timely manner.

The Newspaper, after it lost the federal case and before the final determination of the appeal to the Ninth Circuit Court of Appeals,[1] did refile the identical cause of action in the Maricopa County Superior Court.

We believe this case is governed by the estoppel principles set forth in the case of *Waugh v. Lennard,* 69 Ariz. 214, 211 P.2d 806 (1949). In that case the court held that when one in good faith relies upon the representations of another not to commence his court action within the time limits of the statute of limitations then the doctrine of estoppel bars the defense of the statute of limitations. See also *Munger v. Boardman,* 53 Ariz. 271, 88 P.2d 536 (1939); *Schwartz v. Pattiz,* 41 F.R.D. 456 (E.D.Mo. 1967); 51 Am.Jur.2d, Limitation of Actions, § 44 (1970).

### THE ANTI–TRUST ISSUE

The second issue presented for consideration on this appeal questions whether Schmuhl should be held liable to the Newspaper for $5,269.05 in advance payments made to Schmuhl by his former clients for future newspaper distribution. The Newspaper alleges that it succeeded to all legal rights against Schmuhl for the amount of all future payments since it assumed distribution duties and honored all advanced payments. Schmuhl on the other hand, contends that the assignment of these claims for advanced payments was inherently unlawful as a product of the anti-trust violation previously adjudicated in federal court and that he therefore has a legitimate defense to any contractual action pursuant to these claims.

Cases from the United States Supreme Court dealing with violations of the Sherman Act which are interposed as defenses to an action in contract have evolved into a factual dichotomy. The Court on one hand has held that where an action is based upon an agreement in which both plaintiff and defendant are parties, and which had as its object and direct effect the accomplishment of unlawful ends under the Sherman Act which would be consummated by the judgment sought, the Court will allow a contract defense based upon illegality under the Act. *Continental Wall Paper Co. v. Louis Voight & Sons Co.,* 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1908); *Farbenfabriken Bayer, A. G. v. Sterling Drug, Inc.,* 307 F.2d 207 (3d Cir. 1962); *Milsen Co. v. Southland Corp.,* 454 F.2d 363 (7th Cir. 1971). However, where the contract sued upon is independent and not inherently unlawful, the Court will not invalidate the contract because of collateral violations of the Sherman Act, on the theory that the remedies provided for violations under the Act are exclusive. *D. R. Wilder Manufacturing Co. v. Corn Products Refining Co.,* 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520 (1915); *Bruce's Juices, Inc. v. American Can Co.,* 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947); *Kelly v. Kosuga,* 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959); *Lewis v. Seanor Coal Co.,* 382 F.2d 437 (10th Cir. 1967); *Atlantic Richfield Co. v. Malco Petroleum, Inc.,* 471 F.2d 1258 (6th Cir. 1972).

The leading case addressing itself to this dichotomy is *Kelly v. Kosuga,* supra. In *Kelly* the Supreme Court expressly limited the rule previously espoused in *Continental Wall Paper,* supra, to its facts, to allow the contractual defense of illegality only in the case where enforcement of the contract would result in the accomplishment of unlawful ends under the Sherman Act.

*Kelly* dealt with an anti-trust violation under the Sherman Act which was interposed as a defense to a contract action to enforce the terms of a sales agreement. The Supreme Court held the sales contract to be collateral to the anti-trust violation and upheld the terms of the contract and the defendant's obligation to complete payment. The Court reasoned that a defense to an action in contract based upon a Sher-

---

1.  The Ninth Circuit affirmed the judgment, *Schmuhl v. Phoenix Newspapers, Inc.,* No. 73–2709 (9th Cir., filed Dec. 18, 1974).

man Act violation will meet with disfavor by the Court, and beyond the underlying principle that the Court will not enforce conduct made unlawful by the Act the Court will be guided by the policy of preventing unjust enrichment in the avoidance of otherwise valid contracts.

The *Kelly* rule is concisely stated and best summarized by the recent case of *Atlantic Richfield Co. v. Malco Petroleum, Inc.*, supra:

> Sometimes a party will claim the existence of such an illegal tying arrangement as a defense to a suit on a debt or contract in furtherance of such an arrangement. The use of this defense, however, is not favored and has been limited by the Supreme Court strictly to situations where enforcement of a debt or contract would make the courts 'a party to the carrying out of one of the very restraints forbidden by the Sherman Act.' *Kelly v. Kosuga,* 358 U.S. 516, 520, 79 S.Ct. 429, 432, 3 L.Ed.2d 475 (1959). See also *Tampa Electric Co. v. Nashville Coal Co.,* 276 F.2d 766 (6th Cir. 1960), rev'd on other grounds, 365 U.S. 320, 81 S.Ct. 623, 5 L.Ed.2d 580 (1961). The reason for such a narrow limitation on the use of the tying claim as a contract defense is the general policy of the law to bar a party from benefitting from his own wrong or gaining a windfall. As Mr. Justice Holmes phrased it, there is a general policy 'of preventing people from getting other people's property for nothing when they purport to be buying it' *Continental Wall Paper Co. v. Louis Voight & Sons Co.,* 212 U.S. 227, 271, 29 S.Ct. 280, 296, 53 L.Ed. 486 (dissenting opinion). 471 F.2d at 1260.

Whether Schmuhl is justifiably entitled to raise the defense of illegality to the contractual action brought by the Newspaper to recover the amount of advanced payments is therefore resolved into an application of the facts of the case to the *Kelly* rule. If the illegality is inherent in the agreement and enforcement of the contract would result in judicial enforcement of an agreement unlawful under the Sherman Act then this court must allow the defense and void the contract. Similarly, if the contract is collateral and independent of the anti-trust violation, and barring other contractual defenses, the contract should be enforced.

We conclude that in the present case under the *Kelly* test the contractual defense under the Sherman Act advanced by Schmuhl must fail and the contract be enforced. The contract for newspaper distribution made by Schmuhl in exchange for advanced payments arose as an independent agreement not subject to nor a function of the collateral agreement culminating in the adjudicated anti-trust violation. This contract retained its independent character although eventually assigned to the Newspaper who administered it pursuant to a Sherman Act violation. Its enforcement will not result in the accomplishment by judicial decree of an unlawful agreement, but will merely fulfill the terms of a prior contract for newspaper distribution.

Schmuhl has already found just redress in the form of treble damages under the Sherman Act. To allow him to keep the amount of advanced payments made to him by his former subscribers would result in unjust enrichment.

The judgment of the trial court in granting Schmuhl's motion for summary judgment is reversed.

DONOFRIO, P. J., and NELSON, J., concur.