**ARKLA AIR CONDITIONING COMPANY, etc., Plaintiff-Appellant,**

**v.**

**FAMOUS SUPPLY COMPANY OF CLEVELAND, INC., Defendant-Appellee.**

No. 75–2462.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1977.

Decided March 22, 1977.

David G. Davies, Arter & Hadden, Brian W. FitzSimons, Cleveland, Ohio, for plaintiff-appellant.

**126**

Donald N. Jaffe, Roemisch & Wright, Cleveland, Ohio, for defendant-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment granted on Famous Supply Company's counterclaim for damages for the breach of an exclusive distributorship agreement. Arkla Air Conditioning Company's claim for money owed on an unpaid account was also successful in the district court, but is not contested on appeal by Famous. Jurisdiction is founded upon diversity of citizenship.

■ Famous was granted the exclusive right to distribute Arkla's products within a territory comprising approximately the northern half of Ohio. A neighboring distributor, Squire Heating Supply Co., was granted an exclusive distributorship for southern Ohio. Paragraph 2 of the distributorship agreement between Famous and Arkla provides:

> The Distributors shall have the exclusive right during the life of this Agreement to sell the products mentioned in Paragraph (3) in the following described territory: [the counties constituting Famous's territory are listed]

Famous contends that this clause was breached by the shipment of Arkla of 106 air conditioners to Columbia Gas's warehouses which were located in Famous's territory. Columbia Gas is a utility which had functioned as a sub-distributor in the territories of both Famous and Squire. Columbia Gas processed its order through Squire and therefore Squire received the commission.

In interpreting Paragraph 2 of the agreement, the district court considered the testimony of Arkla's sales managers. They indicated that Arkla's policy was to ship merchandise on a distributor's purchase order only within that distributor's territory; if

the purchase order indicated that the merchandise was to be shipped into another distributor's territory, the order was not honored. The court credited testimony that the local Arkla representative had promised the president of Famous that Famous would be compensated for the commission on the units shipped to Columbia Gas. The district court concluded that "Famous is entitled, under the 'exclusive rights' clause of its distributor's agreement, to be compensated by Arkla for the units which were sold by Columbia Gas in Famous's exclusive territory."

To the extent that paragraph 2 is ambiguous in its application to the facts of this case, its interpretation is a question of fact to be resolved upon "evidence of the surrounding circumstances and the practical construction of the parties." *Tennessee Consolidated Coal Co. v. United Mine Workers*, 416 F.2d 1192, 1198 (6th Cir. 1969). We hold that there is substantial evidence in the record to support the district court's interpretation.

■ Arkla argues that paragraph 2, as interpreted by the district court, is unenforceable because it violates § 1 of the Sherman Act, 15 U.S.C. § 1.[1] The contention is that an exclusive distributorship agreement which requires the manufacturer to police distributors' territories to insure that goods are resold by a distributor only within that distributor's territory is contrary to the holding of *United States v. Arnold, Schwinn & Co.*, 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967). The Court in *Schwinn* held that "under the Sherman Act, it is unreasonable without more for a manufacturer to seek to restrict and confine areas or persons with whom an article may be traded after the manufacturer has parted with dominion over it." *Schwinn, supra*, at 379, 87 S.Ct. at 1865.

However, the imposition of an affirmative defense that an otherwise valid contract is unenforceable because of an alleged

---

1. Alternatively, Arkla argues that an ambiguous contract should be interpreted in favor of its legality. However, we believe that insofar as any ambiguity existed over the proper interpretation of paragraph 2, the clause was clarified by the admission of parol evidence disclosing the practical construction of the paragraph by the parties.

violation of the antitrust laws is not favored. *Kelly v. Kosuga,* 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). The defense "has been limited by the Supreme Court strictly to situations where enforcement of a debt or contract would make the courts 'a party to the carrying out of one of the very restraints forbidden by the Sherman Act'." *Atlantic Richfield Co. v. Malco Petroleum, Inc.,* 471 F.2d 1258, 1260 (6th Cir. 1972), quoting *Kelly v. Kosuga, supra,* 358 U.S. at 520, 79 S.Ct. 429. *See also, Medusa Corp. v. Gordon,* 496 F.2d 249 (6th Cir. 1974). The rationale for limiting the use of an alleged antitrust violation as a defense to a contract is that the aggrieved party has express remedies available to him under the Sherman Act which should "not be added to judicially by including the avoidance of private contracts as a sanction." *Kelly v. Kosuga, supra,* 358 U.S. at 519, 79 S.Ct. at 431. Other reasons include unjust enrichment and the conversion of "facially simple litigation into one involving the complexities of antitrust law." *Viacom Intern, Inc. v. Tandem Productions, Inc.,* 526 F.2d 593, 599 (2d Cir. 1975).

This reasoning is particularly compelling here, since the pleadings in the district court are totally devoid of reference to any Sherman Act violation and no jurisdictional predicates for such a claim are apparent.

We do not believe that enforcement of paragraph 2 would make the court "a party to the carrying out of one of the very restraints forbidden by the Sherman Act". *Schwinn* forbids restrictions on the alienation of an article after the manufacturer has parted with dominion over it. No injunctive order of the court is involved here in any way. The court here did not impose on Squire any restriction or obligation limiting its resale of goods purchased by Arkla. What is involved is merely a breach of an agreement to pay commissions on articles sold in Famous's territory, commissions bargained for by Famous in exchange for its fulfilled promise to promote the product in that area and to supervise the proper servicing of the Arkla products it sold.

In *Schwinn,* involving vertical as contrasted to horizontal restraints, "the source of the restrictions is the manufacturer". 388 U.S. at 372, 87 S.Ct. at 1862. Yet here the allegation of antitrust violation is made by, and not against, the manufacturer. It is thus a defense which "lies ill in the mouth of the defendant to allege . . ." *Kelly v. Kosuga, supra,* 358 U.S at 519, 79 S.Ct. at 431, citing *McMullen v. Hoffman,* 174 U.S. 639, 669, 19 S.Ct. 839, 43 L.Ed. 1117 (1898).

The limited scope of this lawsuit does not require us to pass upon all the ramifications of antitrust law which might potentially arise out of the transaction. It is enough to hold that, for the reasons stated, the asserted defense fails here. The court's interpretation of paragraph 2 is in accord with the evidence. Its findings of fact are not clearly erroneous, and the district court properly applied Ohio law to those facts in rendering judgment.

Affirmed.