Floyd BERGGREN, Gertrude Berggren, Packard Avenue Car Wash, Inc. and Racine Car Wash, Inc., Plaintiffs,

v.

SUN OIL COMPANY, Defendant,

Beverlie Berggren, Additional Defendant on Counterclaim.

No. 77–C–42.

United States District Court, E. D. Wisconsin.

June 9, 1978.

88

James A. Hauer, Elm Grove, Wis., for plaintiff and additional defendant.

Davis, Kuelthau, Vergeront, Stover Leichtfuss by David J. Vergeront, Milwaukee, Wis., for Sun Oil Co.; Fried, Frank, Harris, Shriver & Jacobson, New York City, of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendant's motion for summary judgment on its counterclaim. I find that there is no issue of material fact and that the defendant's motion for summary judgment should be granted.

The plaintiffs are the owners of two car wash businesses and the corporate owners of the land on which such businesses are located. The defendant, Sun Oil Company, is engaged in the business of selling petroleum products, including gasoline, at wholesale. The claim and counterclaim in this action arise out of certain agreements entered into by the parties concerning the financing and gas supplying arrangements for the plaintiffs' car wash businesses.

The plaintiffs' complaint seeks recovery for various antitrust violations, a violation of the Emergency Petroleum Allocation Act of 1973, and fraud allegedly committed by the defendant. The defendant's counterclaim seeks to recover on certain notes, guarantees, and debts for goods sold on open account, and also seeks to foreclose on certain security·interests and a mortgage. The following facts concerning the defendant's counterclaim are undisputed.

On April 26, 1968, the plaintiffs Gertrude and Floyd Berggren jointly and severally executed a note in the principal amount of $70,000 at 7% interest, which obligated them to pay to the defendant $812.77 per month, until the full $70,000 was paid (the Cudahy note). The note was guaranteed individually by Floyd and Gertrude Berggren, and the indebtedness was secured by a mortgage, with the defendant as mortgagee, on the real estate of the Packard Avenue car wash, and by a security interest, with the defendant as the secured party, in the car wash equipment for the Packard Avenue car wash. The Cudahy note was executed in return for a loan made by the

defendant to the plaintiffs to assist them in financing the start-up expenses for the Packard Avenue car wash in Cudahy, Wisconsin.

A similar arrangement was entered into on September 30, 1968, for the plaintiffs' Racine car wash in Racine, Wisconsin. The defendant lent Floyd, Gertrude and Beverlie Berggren $85,000 and the Berggrens executed a note for that amount at 7% interest which required them jointly and severally to pay $986.94 per month until the $85,000, plus interest, was paid (the Racine note). Floyd Berggren individually guaranteed the note. The defendant was made mortgagee and secured party respectively in the mortgage for the real property on which the Racine car wash was located and in a security agreement for which the car wash equipment was listed as collateral.

The Berggrens have defaulted on their obligations under both notes. Under the terms of the notes the entire principal sums, together with interest, have become due. Also pursuant to the terms of the notes, the plaintiffs upon default are obligated to pay a reasonable attorney's fee and all costs of collection. With respect to the Cudahy note, the defendant is owed $45,100.01 in outstanding principal, plus $12,022.18 in interest computed to March 31, 1977, and the interest which has accrued since March 31, 1977. With respect to the Racine note, the defendant is owed $77,006.74 in outstanding principal, plus $23,918.35 in interest computed to March 31, 1977, plus interest accruing after March 31, 1977.

After both of the plaintiffs' car wash businesses went into operation, the defendant agreed to sell gasoline for resale at the car wash facilities, using the defendant's "load-to-load" credit program, under which the retailer always has one load of gasoline on credit. On February 27, 1969, Gertrude Berggren executed a personal guarantee for the payment by the two corporate owners of the two car washes of their obligations under the "load-to-load" credit program.

With respect to the Packard Avenue car wash, there remains $6,140.29 due and owing for sales of gasoline by the defendant. There remains $7,892.53 due and owing to the defendant for its sales of gasoline to the Racine car wash.

The defendant's counterclaim seeks foreclosure of the mortgage on the Cudahy property, judgment for the amount owing on the Cudahy note, for the amount owed for gasoline sold on open account to the plaintiffs for resale at their Cudahy facility, and for foreclosure of the security interest in the equipment at the Cudahy facility. Pursuant to an agreement of the parties, the defendant does not seek foreclosure of the mortgage on the Racine property. Judgment is sought for the amounts owing on the Racine note, for the amount owed for gasoline sold on open account to the plaintiffs for resale at the Racine facility, and for foreclosure of the security interest in the equipment at the Racine facility. The counterclaim also seeks recovery on the guarantees of Gertrude Berggren made in connection with the "load-to-load" credit program.

In their brief in opposition to the defendant's motion for summary judgment, the plaintiffs do not dispute that they are in default on their respective obligations, and there is no challenge to the defendant's computations of the amounts owing. However, paragraph 10 of the affidavit of the plaintiffs' counsel contains the following statement:

"As to the amounts claimed as owing on the NOTE(S) and open accounts, Floyd Berggren has maintained his accountant and former Car-Wash managers are the ones who have knowledge to question the accuracy or legality of either the Note balances or open account balances. Plaintiffs have denied the validity of the balances claimed for reasons of refusal of SUN to credit 2.65¢ to all purchases of petroleum products and, further, because SUN's breach of Contract(s) goes to the very heart of this motion (the notes)."

This statement, in my judgment, is insufficient to raise a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure, requires that affidavits be made on personal knowledge and prohibits the

party opposing summary judgment from resting on the allegations or denials of its pleading. The responding affidavits "must set forth specific facts showing that there is a genuine issue for trial." Aside from the ambiguity of the statement in the affidavit quoted above, the affiant's response that *Floyd Berggren* maintains that his accountant has the information necessary to controvert the averments of fact in the defendant's affidavit is obviously not made on the affiant's personal knowledge. Furthermore, no specific fact has been set forth to dispute the defendant's affidavit; the plaintiffs have simply informed the court that they have no specific information which disputes that provided by the defendant.

The plaintiffs' brief in opposition to the motion for summary judgment presents arguments tracking their affirmative defenses set forth in the reply. Basically, the plaintiffs' position is that the counterclaim does not involve a simple collection on a promissory note but rather involves issues that are intertwined with those raised by the complaint. I disagree.

■ The defendant correctly argues that an affirmative defense that certain provisions of the agreement pursuant to which a debt is created may violate federal antitrust laws is insufficient in an action to recover on the debt. *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959), affirming 257 F.2d 48 (7th Cir. 1958); *Atlantic Richfield Co. v. Malco Petroleum, Inc.*, 471 F.2d 1258 (6th Cir. 1972). As the sixth circuit court of appeals noted in the latter case, the gasoline purchaser's remedy for an alleged antitrust violation by the gasoline wholesaler is under the antitrust laws—not by way of defense to the gasoline wholesaler's action on a credit instrument. 471 F.2d 1261. Unless granting judgment for recovery of the debt would compel a party to violate the antitrust laws—and there is no assertion that this is the case here—the affirmative defense that the loan agreement violates the antitrust laws is insufficient.

■ The plaintiffs also argue that their affirmative defense that the defendant has violated the Emergency Petroleum Allocation Act raises an issue of material fact which must be tried. Quoting verbatim almost the entirety of the decision of the temporary emergency court of appeals in *Marathon Oil Co. v. Federal Energy Administration*, 547 F.2d 1140 (1976), and relying on the same court's decision in *Amtel, Inc. v. Federal Energy Administration*, 536 F.2d 1378 (1976), the plaintiffs argue that "[t]he similarity of legal determinations as to price and delivery of product in this action must be made part of the yet to be had trial between the parties." The plaintiffs have not revealed how this affirmative defense relates to the basic validity of the notes and other obligations they entered into with the defendant. Thus, I am unable to find an issue of material fact raised by this affirmative defense.

The plaintiffs next argue that the notes, when considered together with certain documents executed by the plaintiffs in May, 1973, state a defense of fraud. The 1973 agreements relate to changes in the gasoline supply arrangements then in force between the parties.

■ In my opinion, the fraud defense is without merit. The notes and other documents upon which the counterclaim is based were executed long before the May, 1973, agreements which, according to the plaintiffs' seventh affirmative defense to the counterclaim, were fraudulently procured. Apparently, the plaintiffs argue that they reread the notes before signing the May, 1973, agreements and that the terms of the notes constituted false representations upon which the plaintiffs, in 1973, based their decisions to agree to modify the gasoline supply arrangements they had with the defendant. The plaintiffs have alleged no fact, however, which questions the validity of the notes executed several years earlier. Certainly, none of the representations made in 1973 were relied upon by the plaintiffs when they executed the notes and guarantees in 1968 and 1969.

In conclusion, I find nothing in the plaintiffs' submissions which suggests that any issue of material fact exists with respect to

the defendant's counterclaim or which suggests that the defendant is not entitled to judgment as a matter of law. Accordingly, summary judgment in favor of the defendant is appropriate.

Rule 58, Federal Rules of Civil Procedure, provides that counsel should not, as a matter of course, be directed to prepare judgments for entry by the court. However, because this case involves the foreclosure of a mortgage and security interests and because the computations of interest are not current, I deem it appropriate to direct the defendant to prepare a proposed judgment in a form for entry by the court.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment on its counterclaim be and hereby is granted.

IT IS ALSO ORDERED that the defendant, within 10 days of this order, serve and file a proposed judgment consistent with this decision and in a form for entry by the court; the plaintiffs shall serve and file any objections to the form of the proposed judgment within 20 days of this order; the defendant may serve and file any reply within 30 days of this order.