[Civil No. 1908. Filed January 13, 1922.]

[203 Pac. 335.]

T. W. UNDERHILL, Appellant, v. CLARA SMITH, Administratrix of the Estate of AL. C. SMITH, Deceased, Appellee.

ACCOUNT, ACTION ON — COMPLAINT PLEADING OPEN BOOK ACCOUNT MUST DISCLOSE HOW INDEBTEDNESS ORIGINATED.—Complaint pleading indebtedness on open book account must state what the account grew out of, or how it arose, and a complaint alleging in one paragraph that plaintiff performed services for defendant in repairing defendant's automobile, and alleging in another paragraph that defendant purchased supplies from plaintiff for his automobile, and in a third paragraph that defendant became indebted to

plaintiff upon an open book account, without alleging that the indebtedness on the book account arose by reason of such services and supplies, and without disclosing other origin' of such indebtedness, *held* insufficient.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Reversed and remanded.

· Mr. Henry C. Kelly, for Appellant.

Mr. Harry C. Westover, for Appellee.

McALISTER, J.—This, action was begun by Al. C. Smith against T. W. Underhill, upon an account assigned to him by W. M. Winn, but after trial, and before final judgment, the plaintiff died, and his administratrix, Clara Smith, was substituted. From a judgment for her in the sum of $288.23, defendant, Underhill, appeals.

Appellant assigns as error the overruling of his general and special demurrers to the following complaint:

(Title of court and cause, following which is paragraph 1, giving residence of parties.)

"(2) That prior to May 1, 1920, the said defendant had W. M. Winn, of Yuma, Arizona, do certain work upon a certain car belonging to him the said T. W. Underhill.

"(3) That at the special request and instance of the said defendant the said W. M. Winn performed the required and requested work upon the said car or cars.

"(4) That prior to May 1, 1920, the said defendant purchased from the said W. M. Winn certain supplies for his said car or cars.

"(5) That the said defendant became indebted to the said W. M. Winn upon an open book account.

"(6) That the said defendant paid to the said W. M. Winn the sum of $500.

"(7) That there is still due and owing upon the said open book account the sum of $308.23.

"(8) That the said defendant has been requested to pay the said sum at divers times, but has refused and continues to refuse to pay the said sum of $308.23.

"(9) That prior to the commencement of this action the said account was assigned to the plaintiff herein for a valuable consideration.

"(10) That there is now due and owing from the defendant to the plaintiff the sum of $308.23, which the defendant refuses to pay."

The special demurrer is that it cannot be determined from this complaint "whether the claim of the plaintiff is based upon work done, materials furnished, or upon the open book account mentioned in the complaint." It will be observed that paragraphs 2, 3, and 4 allege the doing of certain work upon and the furnishing of certain supplies for a car or cars belonging to T. W. Underhill at his request, but the complaint contains no further reference to either the labor performed or material furnished; the value of both, as well as the fact of payment or nonpayment, being entirely omitted. Standing alone, these three paragraphs do not state a cause of action, for clearly it is no ground for complaint that one furnish labor and material for another at his request.

It will be noted that paragraph 5 alleges that "defendant became indebted to the said W. M. Winn upon an open book account," and that No. 6 sets up the payment of $500 to W. M. Winn, but fails to state what it was for, though this appears inferentially from the succeeding paragraph, alleging a balance of $308.23 "still due and owing upon the said open book account." The two together justify the conclusion that the $500 paid W. M. Winn was in settlement *pro tanto* of the account upon which the balance of $308.23 is still due. There appears no connection, however,

between the indebtedness upon the open book account and the labor and material furnished for defendant's car. If the one arose out of the other, or is based thereon, it is not disclosed by the complaint; yet appellee argues that paragraphs 2, 3, and 4 are merely introductory to paragraph 5. But, so far as one can ascertain from the complaint itself, the open book account alleged may have grown out of the labor performed on and material furnished for defendant's car, or it may have arisen out of transactions having no connection therewith. Before passing, at the close of paragraph 4, from that part of the pleading dealing with the labor and material furnished, to paragraph 5, alleging an indebtedness upon an open book account, with nothing to show that it was not a separate and distinct cause of action, the pleader, it would appear, had completed his statement as to the former. Hence the complaint must be treated as one alleging an indebtedness upon an open book account, unaided by the allegations as to labor performed and material furnished.

It is conceded by appellee that a cause of action cannot be based solely upon an open book account; that before entries therein can be held binding it must appear that they were made in compliance with a contract between the parties for work done or material furnished. An open book account, unaided by a showing as to its foundation, unlike a stated account properly pleaded, cannot form the basis of an action, for there has been no agreement between the parties as to the correct amount due. It is necessary, therefore, in pleading a good cause of action on an indebtedness upon an open book account, to state what the account grew out of, or how it arose, for it is merely evidence of the doing of certain acts in pursuance of a contract, but not of the contract itself, which must be proven otherwise before the account is admissible.

An action does not lie for an indebtedness upon an open book account, but does "for work and labor done or performed. or materials furnished in connection therewith." 1 C. J. 674. Inasmuch, therefore, as the complaint does not disclose whether the indebtedness upon the open book account originated in the performance of a contract between defendant and plaintiff's assignor, W. M. Winn, or merely existed upon the books without a proper basis therefor, the demurrer should have been sustained.

The defect in the complaint, however, can be easily cured by amendment, and the probability of a retrial renders unnecessary the discussion of the other errors assigned, for, if they are really meritorious, the ground for them may be avoided at that time. We regret a reversal, inasmuch as the facts are few, and a correction of the error complained of may not affect the result upon a new trial, but the objection to the complaint was good and properly raised; hence the court cannot do otherwise than sustain it.

The judgment is reversed and the case remanded, with directions to sustain the demurrers.

ROSS, C. J., and FLANIGAN, J., concur.