DOMENGEAUX, Judge.
Plaintiff, Dr. William A. Ward, instituted this present action to recover $4,025.00 plus interest and attorney’s fees for dental work performed on Jody Sylvester, an employee of defendant Temple Drilling Company. Temple Drilling Company denied all allegations of plaintiff’s petition and further averred that plaintiff’s suit was not a claim on open account which would allow the recovery of attorney’s fees under La. R.S. 9:2781.
The trial judge ruled in favor of plaintiff and against defendants Jody Sylvester and Temple Drilling Company, awarding plaintiff $4,025.00 plus legal interest from date of judicial demand. The trial judge also awarded plaintiff attorney’s fees equal to one-third of the total principal and interest. From this judgment, Temple Drilling Company has appealed.
FACTS
On October 7, 1984, Jody Sylvester suffered an injury to his jaw while working on a rig for Temple Drilling Company. On October 19, 1984, Sylvester went to Dr. William A. Ward, a dentist in Ville Platte, Louisiana, who had previously installed a six-unit bridge for Sylvester in 1979. Sylvester presented Doctor Ward with a card *1113 from Temple’s personnel director, Orlie Pearce. Doctor Ward contacted Mr. Pearce in order to verify that Temple would be responsible for the payment of any work to be performed on Sylvester. Doctor Ward then examined Sylvester, took x-rays, and prepared a written report for Temple Drilling Company.
At Sylvester’s next scheduled appointment on October 25, 1984, Doctor Ward removed the existing bridge by cutting it off of the abutment teeth to which it was attached. He then took impressions for a new six-unit bridge and prepared a temporary bridge to be used until the permanent bridge was fabricated. The temporary bridge was thereafter fastened to the abutment teeth. On November 5, 1984, Doctor Ward removed the bridge and cleaned the teeth and gum area. The permanent bridge was placed in Sylvester’s mouth, adjustments were made to insure a proper bite, and the bridge was cemented into place.
The record indicates that on October 25, 1984, an invoice was sent to Temple Drilling Company containing the total amount owed for the dental services including the scheduled installation of the permanent bridge on November 5, 1984. The total bill sent to Temple amounted to $4,025.00, consisting of $125.00 for the initial examination, diagnosis, x-rays, and written report, and $3,900.00 for the removal of the existing bridge, the preparation and installation of a temporary bridge, and the fitting of the permanent bridge.
Upon receiving the bill, Mr. Pearce contacted Sam D’Amico, an insurance adjuster, to check into the reasonableness of the bill because he felt the charges were excessive. Mr. Pearce subsequently refused to pay the bill. On November 30, 1984, Doctor Ward sent a certified letter to Temple Drilling Company demanding payment. This suit on open account was filed shortly thereafter.
ISSUES
The issues raised by this appeal are as follows:
(1) Whether the trial court erred in finding that a $4,025.00 bill for the dental work performed on Sylvester was reasonable.
(2) Whether the trial court erred in failing to allow defendant’s insurance adjuster to testify regarding inquiries made to other dentists as to their charges for similar services.
(3) Whether the trial court erred in finding that plaintiff’s claim was a suit on open account under La.R.S. 9:2781 which would provide for the payment of attorney’s fees.
(4) Whether the trial court erred in finding La.R.S. 9:2781 was complied with and that attorney’s fees were due.
(5) Whether the trial court erred in granting plaintiff attorney’s fees set at one-third of the total principal and interest due.
ISSUE NO. 1
Temple Drilling Company first asserts that the trial court committed manifest error in finding that Temple owes Doctor Ward $4,025.00 for the dental services performed on Jody Sylvester.
A determination of whether the bill was reasonable in comparision to the work performed is a factual question. As such, the trial court’s decision cannot be reversed on appeal if it appears there was a reasonable factual basis for the determination and that the decision was not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Doctor Ward testified that he does not use a fee schedule to bill his patients for the services he renders. According to his testimony, his fees are based on several factors, among those being the type of work to be done, the number of teeth as well as which teeth are involved, the materials he uses, the length of time involved, and his expertise. He stated that in this case, he examined Sylvester on the first visit, took x-rays, and prepared a written report for Temple Drilling Company. For *1114 the aforementioned work, the bill reflected a charge of $125.00. From the record, it appears that this charge is not complained of by Temple.
The remaining $3,900.00 was for the work done by Doctor Ward on Sylvester’s second and third appointments. On October 25, 1984, Doctor Ward removed the existing bridge, which he claimed “... was quite a difficult procedure in itself, because it had to be cut off the teeth unto which it was attached.” He remarked that he could have finished an hour earlier and his charge probably would have been less had he been able to “... pop it [the bridge] off ...” After the bridge was removed, he took impressions for a new bridge and prepared a temporary bridge which was fitted in Sylvester’s mouth. This office visit lasted approximately four hours. On November 5, 1984, Doctor Ward replaced the temporary bridge with a permanent six-unit bridge. This visit, which included adjustments for cosmetic corrections and to insure a proper bite, lasted about one hour.
The record reveals that Doctor Ward did not encounter any unusual problems in replacing the bridge in Sylvester’s mouth. Doctor Ward indicated, however, that replacing a bridge is a more difficult task than initially installing one and generally warrants a greater charge.
Temple Drilling Company sought to project the excessiveness of Doctor Ward’s fee by introducing into evidence the deposition of Dr. Jerry D. Veillon, another dentist in Ville Platte, Louisiana. According to Doctor Veillon’s deposition, assuming no unusual problems, his fee for replacing a six-unit bridge would amount to about $325.00 per unit, or a total fee of $1,950.00. In this case, Doctor Ward’s fee amounted to $3,900.00, or $650.00 per unit.
Doctor Veillon stated that he, too, had no fixed fee schedule, but there are certain factors which determine the amounts he charges. The factors he takes into account are basically the same as those Doctor Ward testified that he uses.
From the above, it cannot be said that the fee of $4,025.00 was excessive. Doctor Ward saw the patient on three occasions and expended over six hours in this case. Doctor Ward had to cut the existing bridge, rather than “pop it off” from the abutment teeth before he could set the temporary bridge. Further, Temple Drilling Company did not sufficiently counter that Doctor Ward’s work in this case did not warrant $650.00 per unit. According to Temple’s own expert, Doctor Veillon, it would not be unusual to charge up to $1,000.00 per tooth, if extensive work was necessary. Although the record would tend to suggest that a lower fee was warranted, there is evidence which supports the trial judge’s award.
We find no manifest error in the trial court’s ruling.
ISSUE NO. 2
Temple Drilling Company also complained of the trial court’s refusal to allow defendant’s witness to testify regarding fees of other dentists performing similar services.
Sam D’Amico, an insurance adjuster with Crawford & Company, was called as a witness by Temple Drilling Company. Mr. D’Amico testified that Mr. Pearce contacted him to check into the reasonableness of the bill sent to Temple by Doctor Ward. Defense counsel sought to elicit from Mr. D’Amico the fees other dentists in the area charged for bridge work, but plaintiff’s counsel objected to the introduction of the evidence on the grounds of relevancy.[1] Mr. D’Amico stated he could not remember whether he inquired what the charge would be for the installation of a six-unit bridge or if he asked what the charge would be for both removing an existing six-unit bridge and installing a new six-unit bridge. The trial judge sustained plaintiff’s objection.
We agree with the trial judge’s action in sustaining the objection. To allow a witness to testify as to the amount of a fee *1115 when he cannot recall what services are included in the fee would do no more than to confuse the trier of fact. Had the witness been able to state that he inquired what the charge would be for both removal and installation of the bridges, only then would evidence of the other fees have been relevant. Since the witness could not remember what he had asked, the trial judge’s ruling in this regard was not in error.
ISSUES NOS. 3 AND 4
Temple Drilling Company contends that plaintiffs claim is not a suit on open account and, therefore, is not subject to La.R.S. 9:2781. Temple argues that the treatment of Sylvester “... was a one-time transaction in which Doctor Ward’s office expected immediate payment.” This argument, however, is without merit upon a reading of paragraph C of La.R.S. 9:2781 which provides:
“For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, ‘open account’ includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. ‘Open account’ shall include debts incurred for professional services, including, but not limited to, legal and medical services.” [Emphasis supplied.]
In Commercial Credit Claims Services, Inc. v. Richardson, 454 So.2d 177 (La.App. 1st Cir.1984), the court, in reviewing the amendments to La.R.S. 9:2781, stated:
“... Prior to its amendment in 1983 the statute did not address the single transaction situation. The jurisprudence held consistently a single business transaction, with no expectation of future dealings, did not create an open account and therefore in such cases no attorney fees were allowed_ [Citations omitted.]
* # * * * *
There is no question the amendment to this article overrules the holdings of the cases cited above. A single transaction, such as the one in the present case, now falls within the definition of an ‘open account’ and attorney fees are appropriate in such cases.”
Temple also contends that the trial judge erred in awarding plaintiff attorney’s fees in that the requirements of La.R.S. 9:2781 were not complied with. At the time of trial, paragraph A of La.R.S. 9:2781 read, in part[2]:
“When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.”
Temple asserts that the requirements of the statute were not complied with in that the invoice did not actually describe the services rendered for each charge. The record indicates that the bill was sent to Temple on October 25, 1984. Temple submits that the notation on the bottom of the invoice stating that the patient’s dental treatment was completed was an incorrect statement as the fitting of the permanent bridge did not take place until November 5, 1984. Temple, thus, urges that attorney’s fees were improper in that the invoices were never corrected to include the November 5, 1984 treatment.
Temple cites several cases which- hold that attorney’s fees are not to be awarded if the written demand for payment does not *1116 correctly set forth the amount owed. Those cases, however, are not applicable as Doctor Ward correctly set forth the amount owed in his demand letter to Temple. According to Doctor Ward’s testimony, the November 5, 1984 treatment was included in the overall fee and was “ just a continuation of the service that was began (sic) on the 25th.” The fact that the invoice was prepared prior to the fitting of the permanent bridge is of no consequence to his claim for attorney’s fees as the statute does not mandate certain requirements in the preparation of invoices.
We find, therefore, that plaintiff’s action against defendants was a suit on open account and the trial judge was correct in assessing attorney’s fees against defendants.
ISSUE NO. 5
Temple maintains that the trial court erred in granting plaintiff an award of attorney’s fees set at 33½% of the total principal and interest due when he only requested 25% in his petition. .
The law is well-settled that attorney’s fees are items of special damages and must be specifically alleged. La.C.C.P. Art. 861; Mix v. Mougeot, 446 So.2d 1352 (La.App. 1st Cir.1984); Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d 442 (La.App. 2nd Cir.1980). In addition, the court on rehearing in Davis v. Aetna Casualty & Surety Company, 329 So.2d 868 (La.App. 2nd Cir.1976), writ refused, 330 So.2d 617 (La.1976), writ refused, 333 So.2d 233 (La.1976). noted that because attorney’s fees are special damages, the plaintiff could not recover more attorney’s fees than he alleged and prayed for in his petition.
In the instant case, counsel for plaintiff correctly pointed out in his brief that while only 25% in attorney’s fees were prayed for in the original petition, plaintiff’s first amending and supplemental petition prays for judgment including “... reasonable attorney’s fees as provided by statute ...” Therefore, Temple’s contention that Doctor Ward could not recover more than 25% of the total principal and interest as attorney’s fees is without merit.
Additionally, we note that setting reasonable attorney’s fees under La.R.S. 9:2781 is within the discretion of the trial court. Kerri Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Davis v. Myers, 427 So.2d 648 (La.App. 5th Cir.1983). We do not find that the trial judge abused his discretion in this case by awarding plaintiff one-third of the total principal and interest as attorney’s fees.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be borne by Temple Drilling Company.
AFFIRMED.

. No objection was made on the possible question of hearsay.

. Paragraph A of La.R.S. 9:2781 was amended by Act 701 in 1985 to provide:
“When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant...."