672 So.2d 668 (1996)
Leon VENTRESS, Individually and as Tutor of His Minor Child, Terry Lenn Hawkins
v.
UNION PACIFIC RAILROAD COMPANY, Norfolk Southern Corporation, Brockhoeff's Chevrolet, Inc., Kelsey-Hayes Company and the State of Louisiana Through the Department of Transportation and Development.
No. 96-C-0501.
Supreme Court of Louisiana.
May 3, 1996.
PER CURIAM.
In this personal injury case, the jury rendered a verdict in favor of the plaintiff and awarded damages in excess of $8,000,000 against Union Pacific Railroad Company.[1] The trial judge granted a motion for judgment notwithstanding the verdict and rendered a judgment in favor of Union Pacific dismissing plaintiff's action. Plaintiff appealed, and Union Pacific did not appeal or timely answer the appeal.
On appeal, the intermediate court reversed the judgment notwithstanding the verdict and reinstated the jury verdict in favor of plaintiff. The court of appeal further refused to consider Union Pacific's arguments regarding the excessiveness of the original jury verdicts and related issues, which has been advanced in the alternative in case the court of appeal reversed the judgment notwithstanding the verdict.
La.Code Civ.Proc. art. 2133B provides:
A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.
The judgment before the court of appeal was the judgment notwithstanding the verdict, and that judgment granted Union Pacific one hundred percent of the relief sought namely, the dismissal of plaintiff's action. There was absolutely no reason or necessity for Union Pacific to appeal from the judgment notwithstanding the verdict or to answer plaintiff's appeal. Union Pacific was the appellee in the case, and under Article 2133B the appellee can assert any argument in support of the judgment as long as that argument is supported by the record.
In the court of appeal, Union Pacific had the right to argue any basis for the total (or partial) dismissal of plaintiff's claims, since such an argument would support the judgment under appeal that was totally favorable to Union Pacific. The court of appeal therefore erred in refusing to address Union Pacific arguments regarding the excessiveness of the judgment, including evidentiary rulings pertaining to quantum.
Accordingly, while the court declines to review the portions of the judgment of the court of appeal regarding the liability of Union Pacific or the apportionment of fault, the portion of the judgment of the court of appeal relating to the amount of damages is reversed, and the case is remanded to the court of appeal to consider and rule upon Union Pacific's arguments on the issues relating to the amount of damages. Otherwise, the application is denied.
VICTORY, J., would grant and docket.
NOTES
[1] This amount represents the total verdict of the jury, reduced by the amount proportionate to plaintiff's contributory negligence and by the amount proportionate to the fault of the released tortfeasor.