JOAN BERNARD ARMSTRONG, Chief Judge.
 

 _|jThe plaintiff-appellant, Touro Infirmary, appeals a judgment of December 1, 2008, which, among other things, dismissed, based on the La. C.C. art. 3494 three-year prescriptive period for open accounts, Touro’s claims against the defendants-appellees
 
 [1]
 
 as follows: All claims against Sharp Health Plan (“Sharp”), SHA, LLC, Coresource, Inc., and Great West Life & Annuity (“Great West”); the claim asserted against HMA, Inc.
 
 [2]
 
 for pa
 
 *880
 
 tient services rendered to J. P.
 
 [3]
 
 ; the claim against Unicare Life & Health Insurance Company (“Unicare”) for patient services rendered to F. J.; and the claims against Brokerage Concepts, Inc. and Universal Health Services, Inc. Medical Plan (“Universal”) for patient services rendered to A.A. on or about April 21, 2003; the claims for patient services rendered to L.W. on or about December 3, 2003; the claims for patient services rendered to L.P. on or about December 10, 2003; and the claims for patient services rendered to-A. B., on or about September 17, 2002.
 

 li>On February 11, 2009, the trial court rendered a subsequent judgment pursuant to a hearing granted on Touro’s unopposed motion for a new trial affirming the judgment of December 1, 2008 and specifically dismissing with prejudice the following claims based on the La. C.C. Art. 3494 three-year prescriptive period for open accounts:
 

 (a) The claim asserted by Touro Infirmary against SHA, LLC for services provided to D. W.;
 

 (b) The claim asserted by Touro infirmary against CodeSource, Inc. for services provided to W. B.;
 

 (c) The claim asserted by Touro Infirmary against Brokerage Concepts, Inc./Universal Healthy [sic] Services, Inc. Medical Plan for services provided to K.M. a/k/a K. C., A. A, L. W., L.P. and A. B.
 

 In response to these adverse judgments, Touro filed a writ application alternatively with this appeal and the two have been consolidated.
 

 Before addressing the substance of this case, we note at the outset that Touro entered into a stipulation that in effect concedes that the last payments made on behalf of any-of the patients that were the subjects of these judgments, and/or the last date that medical service was rendered to any such patients, was more than three years prior to the filing of this suit on February 22, 2007. By entering into this stipulation Touro has effectively conceded that if the three-year open account prescriptive period applies, then all claims referred to above have prescribed consistent with the ruling of the trial court.
 

 Touro’s primary argument is that the La. C.C. art. 3499 ten-year prescriptive period applicable to personal actions, i.e., contractual actions, should apply instead, in which case the claims would not have prescribed. Touro also argues that when it sent out certain reinvoices within three years of filing suit that it converted what may have initially been three-year open account claims into ten-year contractual |3claims. Finally, Touro argues that even if the three-year open account prescriptive period is applicable, certain reinvoices it sent out within three-years of the filing of this suit interrupted the three-year prescriptive period so that it would not have expired prior to the time Touro filed suit.
 

 Touro’s claim is for medical services rendered to patients who were enrolled as members of health plans or health insurance provided by the appellees. Touro alleges that all of these patients through their relationships to the various appellees were part of the MultiPlan, Inc. preferred provider system. Touro alleges that in 2001, Touro participated in a physician-
 
 *881
 
 hospital organization known as Choice Healthcare PHO. Choice Healthcare contracted with third parties, binding all Choice Healthcare participants, including physicians and hospitals such as Touro. In 2001 Choice Healthcare entered into a contract with MultiPlan, Inc., a national preferred provider organization (“PPO”). Under the agreement between Choice Healthcare and MultiPlan, Touro as a member of Choice Healthcare was bound to accept payments at discounted rates for medical services for MultiPlans’s clients in exchange for the prospect of increased patient volume. MultiPlan’s clients are insured and self-funded health plans.
 

 As members of this system the patients were entitled to receive medical services at pre-negotiated discounted (“alternative”) rates subject to the provisions of La. R.S. 40:2203.1, et. seq. La. R.S. 40:2203.1 B provides, in pertinent part that:
 

 B. A preferred provider organization’s alternative rates of payment shall not be enforceable or binding upon any provider unless such organization is clearly identified on the benefit card issued by the group purchaser or other entity accessing a group purchaser’s contractual agreement or agreements and presented to the participating provider when medical care is provided....
 

 LTouro alleges that the benefit cards of the patients in question did not identify the preferred provider organization as required by La. R.S. 40:2203.1 B. As a result Touro billed the appellees for services rendered to their patient enrollees at the usual and customary rate rather than the discounted rate. Touro further alleges that the appellees “improperly reimbursed Touro at the MultiPlan ‘alternate rates’.... ” Touro filed this suit on February 22, 2007, to obtain reimbursement at the full “usual and customary rate” rather than the discounted rate. Touro also claims penalties as provided by La. R.S. 40:2203.1 G as follows:
 

 G. Failure to comply with the provisions of Subsection A, B, C, D, or F of this Section shall subject a group purchaser to damages payable to the provider of double the fair market value of the medical services provided, but in no event less than the greater of fifty dollars per day of noncompliance or two thousand dollars, together with attorney fees to be determined by the court. A provider may institute this action in any court of competent jurisdiction.
 

 The defendants-appellees filed exceptions of prescription in the trial court. The trial court granted the exceptions based on the three-year prescriptive period for open account claims as well as finding that Touro’s claims under La. R.S. 40:2203.1 were also subject to the same three-year prescriptive period.
 

 In addition to the exceptions based on three-year prescription filed by all defendants-appellees, certain defendants-ap-pellees, Sharp, SHA, LLC, Coresource, Inc., Great West, and Unicare, argue that claims under La. R.S. 40:2203.1 are subject to a one-year prescriptive period and that, therefore, the trial court erred in finding that such claims were subject to a prescriptive period of three years. The appel-lees are entitled to urge any argument they wish in support of the judgment |5below without answering the appeal or filing a separate appeal.
 
 Ventress v. Union Pacific R. Co.,
 
 96-0501 (La.5/3/96), 672 So.2d 668. However, as we do not see in the record where these defendants-appel-lees have either answered the appeal or filed an appeal, this Court is not authorized to enlarge the relief granted to the said defendants-appellees by the trial court.
 
 Id.
 
 Any claim that would prescribe in one year would, of necessity, also prescribe in three years; and the trial court
 
 *882
 
 has already granted the said defendants-appellees relief as to all claims that would prescribe in three years. As we hereinafter find no error in the rulings of the trial court regarding claims held to have prescribed in three years, we, therefore, find that it would be superfluous for this Court to consider the one-year prescription issue because we cannot grant relief as to any one-year claims that would not have also prescribed in three years. Accordingly, this Court will consider only those arguments concerning the three-year prescriptive period.
 

 Touro’s original petition is entitled: “Petition on Open Account and for Damages/Penalties.” However, there are no allegations in the petition itself referring to open account claims specifically designated as such. The claims asserted by Touro in its original petition are all based on La. R.S. 40:2201, et. seq., Preferred Provider Organizations. However, annexed to Touro’s petition were numerous exhibits, including demand letters to the defendants. Each letter included a demand based on the Louisiana Open Accounts law phrased as follows:
 

 Pursuant to LSA-R.S. 9:2781, after receipt of this written demand, if you fail to pay the principal balance and penalties set forth above, suit will be filed causing additional liability for reasonable attorney’s fees, court costs and interest commencing upon the filing of a lawsuit.
 

 | (-.While there is no reference in the body of Touro’s petition to the Open Account law in general or to La. R.S. 9:2781, there is a prayer for reasonable attorney’s fees. However, in the context of the petition as a whole, this is clearly a reference to the attorney fees provided by La. R.S. 40:2203.1 and not to the attorney fees provided by La. R.S. 9:2781.
 

 Touro contends that it is entitled to the benefit of the La. C.C. art. 3499 ten-year prescriptive period applicable to contract claims. In its oppositions to the exceptions of prescription filed below, Touro argued that its petition also asserted a breach of contract theory of recovery, citing the following statements found in its petition:
 

 § 2 ... Touro’s claims arise under state contract law....”
 

 § 4 ... MultiPlan, Inc. (hereinafter “MultiPlan”), is a Preferred Provider Organization, as defined by R.S. 40:2202(5), and is subject to the provisions of R.S. 40:2203.1., who, upon information and belief, contracted with several health insurance companies and health plans, i.e. “The Companies”, to negotiate preferred, or “alternate rates”, with health care providers for health care services provided by said providers.”
 

 § 5 Touro Infirmary and MultiPlan executed an Agreement, effective March 1, 2001, whereby Touro agreed to charge “alternate rates” for providing health care services to MultiPlan’s network of Companies for all services provided to “The Companies” enrolled members (hereinafter “enrollees”). A copy of the contract between Touro and MultiPlan is attached hereto as Exhibit “A”.
 

 § 7 ... Upon information and belief, the contracts between MultiPlan and The Companies provided that Touro, as a healthcare provider in MultiPlan’s network, would charge “alternate rates” to The Companies for all services provided by Touro for the enrollees of The Companies.
 

 17Touro explains the contractual basis of its claim as follows: MultiPlan entered into a contract with Choice Healthcare PHO, as agent of Touro. Touro further contends that the defendants entered into
 
 *883
 
 a contract with MultiPlan, Inc., thereby establishing a mandatary relationship between them and MultiPlan. According to Touro, this mandatary relationship confers upon MultiPlan the authority to enter into a contractual relationship on behalf of the defendants with Touro. These relationships then permit Touro to assert contractual claims against the defendants, and these claims are subject to the La. C.C. art. 3499 ten-year prescriptive period.
 

 Attached to the Touro demand letters was a Participating PHO Agreement between MultiPlan, Inc. and Choice Healthcare PHO, neither of which is a party to this litigation.
 

 Brokerage Concepts, Inc. is a third party administrator (“TPA”) which provides administrative services for the Universal, including the payment of claims for services rendered to eligible plan participants. As a TPA, Brokerage Concepts provides services for other plans as well, including insured and non-insured plans. The Plan is not insured. The additional payments which Touro seeks in this lawsuit are payments for services rendered to Plan participants.
 

 Touro seeks
 
 payments
 
 and penalties in connection with medical services rendered to the following patients: C.M. a/k/a C. C., A. A, D. W„ L. W., L. P., A. B., T.H. and K.A.P. Touro seeks penalties at the rate of $50 per day from each patient’s date of admission. If the three-year prescriptive period applies then the following claims had clearly prescribed as of the date this suit was filed on February 22, 2007:
 

 Patient Name Dates of Service Date of last payment
 

 NA.A. 4/21/03 5/13/03
 

 Ti.B. 9/17/02-9/19/02 12/31/02
 

 C. C. 5/23/03-5/27/03 8/12/03
 

 L. P. 12/10/03 1/13/04
 

 L. W. 12/3/02 4/29/03
 

 Charges by medical providers for medical services are generally characterized as open account claims, and the fact that a patient may have been treated on only one occasion does not alter the open account character of the transaction. La. R.S. 9:2781 D. “In determining the applicable prescriptive period, we are guided by the well-settled principle that ‘[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.’
 
 Starns v. Emmons,
 
 538 So.2d 275, 277 (La.1989) (collecting cases).”
 
 Parry v. The Administrators of the Tulane Educational Fund,
 
 02-0382, p. 7 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 34.
 

 Based on our review of the statutes, jurisprudence and record in this case discussed in subsequent paragraphs, we find that Touro’s claims can best be characterized as arising out of open account claims for medical services. Therefore, we find no error in the trial court’s decision to apply the La. C.C. art. 3494 open account three-year prescriptive period. As a logical extension of this reasoning, because there is no specified prescriptive period provided for claims arising under La. R.S. 40:2203.1, either in the statute or in the jurisprudence, we find that the same prescriptive period as that applicable to the underlying claims, in this case Touro’s claims for payments for open account medical services, should be applicable to La. R.S. 40:2203.1, i.e., three years. In other words, where the claim underlying an La. R.S. 40:2203.1 claim is characterized as claim for medical | {¡services, the La. R.S. 40:2203.1 claim should also be characterized as such, and, therefore, be subject to the same prescriptive period.
 

 Our analysis of the open account character of Touro’s claims begins with
 
 Ward v. Sylvester,
 
 498 So.2d 1111 (La.App. 3 Cir.1986) which stands for the principle that billings for medical services are considered to be open account claims, even when based on a single isolated transaction:
 

 
 *884
 
 Temple Drilling Company contends that plaintiffs claim is not a suit on open account and, therefore, is not subject to La. R.S. 9:2781. Temple argues that the treatment of Sylvester “... was a onetime transaction in which Doctor Ward’s office expected immediate payment.” This argument, however, is without merit upon a reading of paragraph C[
 
 4
 
 ] of La. R.S. 9:2781 which provides:
 

 “For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, ‘open account’ includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. ‘Open account’ shall include debts incurred for professional services, including, but not limited to, legal and medical services.”
 

 In
 
 Commercial Credit Claims Services, Inc. v. Richardson,
 
 454 So.2d 177 (La.App. 1st Cir.1984), the court, in reviewing the amendments to La. R.S. 9:2781, stated:
 

 “... Prior to its amendment in 1983 the statute did not address the single transaction situation. The jurisprudence held consistently a single business transaction, with no expectation of future dealings, did not create an open account and therefore in such cases no attorney fees were allowed .... [Citations omitted.]
 

 * * *
 

 | inThere is no question the amendment to this article overrules the holdings of the cases cited above. A single transaction, such as the one in the present case, now falls within the definition of an ‘open account’ and attorney fees are appropriate in such cases.”
 

 Subsequently, the Louisiana Supreme Court also concluded in
 
 Frey Plumbing Company, Inc. v. Foster,
 
 07-1091, p. 6 (La.2/26/08), 996 So.2d 969, 972 that an open account relationship could be based on a single transaction.
 

 The fact that there may have been an agreement to bill MultiPlan patients at a certain agreed upon discounted rate does not change the nature of this claim from open account to contractual for prescription purposes.
 

 In
 
 Dear v. Mobile,
 
 93-1188, pp. 3-4 (La.App. 1 Cir. 5/20/94), 637 So.2d 745, 747, the court found that in spite of the fact that there was a contractual basis underlying the open account relationship, the applicable prescriptive period was the three years for open accounts, not the ten-year period for contracts:
 

 Plaintiff further contends that even if his action is based on an open account, it is also a contract action, and, as such, he should have the option to establish his claim under the contract theory, with a ten year prescriptive period. However, as articulated by the Louisiana Supreme Court in
 
 Starns v. Emmons,
 
 538 So.2d 275, 277 (La.1989): “[a]rticle 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.”
 
 Starns,
 
 538 So.2d at 278. Thus, an action on open account, while arising from a contractual relationship, is an exception to the general prescriptive period of LSA-C.C. art. 3499. Accordingly, this argument is without merit.
 

 
 *885
 
 This Court cited and followed
 
 Dear
 
 in
 
 Parry v. The Administrators of the Tulane Educational Fund,
 
 02-0382 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, wherein this Court presented a carefully reasoned and lengthy rationale explaining why the _]_y three-year open account prescriptive period rather than the ten-year contractual period should apply:
 

 All the actions enumerated in La. C.C. art. 3494 originate from contractual relationships. For that reason, the courts have uniformly rejected attempts to circumvent that article’s three-year prescriptive period by categorizing the entire action as sounding in breach of contract.
 
 Starns [v. Emmons,
 
 538 So.2d 275, 277 (La.1989) ],
 
 supra
 
 (rejecting such an attempt to avoid the three-year period for actions to recover rent under La. C.C. art. 3494(2)); see also
 
 Dear v. Mabile,
 
 93-1188 (La.App. 1 Cir. 5/20/94), 637 So.2d 745 (applying reasoning in
 
 Starns, supra,
 
 to reject argument three-year period in La. C.C. art. 3494(4) for suits on open account should not apply since a contract theory was also asserted). In rejecting such attempts, the courts have cited the following reasoning set forth by the Louisiana Supreme Court in
 
 Stams:
 

 Such a rationale, however, cannot stand, because it renders article 3494 useless. All of the actions covered by the provisions of that article essentially arise from contractual relationships. Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.
 

 538 So.2d at 278.
 

 * * *
 

 Tulane contends that the reasoning in
 
 Grabert
 
 [v.
 
 Iberia Parish School Bd.,
 
 93-2715 (La.7/5/94), 638 So. 2d 645] is dispositive of the issue before us of whether the applicable prescriptive period in this case is La. C.C. art. 3494(1), as the trial court concluded and as Tulane contends, or La. C.C. art. 3499, as the Class contends. We agree. As in
 
 Grabert, supra,
 
 the Class’ claim is one for additional compensation covered by La. C.C. art. 3494(l)’s three-year period.
 

 Given our conclusion that this action is covered by the three-year period under La. C.C. art. 3494(1), the ten-year period under La. C.C. art. 3499, by its terms, does not apply. Civil Code Article 3499 provides that | l2“[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” [FN 10 omitted.] As the introductory clause of that Article provides, it is a “catch-all provision” that covers personal actions not specifically covered by any other prescriptive period. See La. C.C. art. 3457 (providing that “[t]here is no prescription other than that established by legislation.”) Only when the Legislature has failed to assign a specific prescriptive period to cover the specific type of personal action at issue does that Article apply. See
 
 Buras v. Schultz,
 
 99-1997, p. 5 (La.App. 4 Cir. 2/9/00), 752 So.2d 981, 984, writ denied, 2000-0727 (La.4/28/00), 760 So.2d 1178 (citing
 
 Grabert,
 
 supra); 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise: Property § 249 (2001)(citing
 
 Grabert, supra).
 
 Civil Code Article 3494(1) is the specific prescriptive period that the Legislature has provided to cover the specific type of personal action at issue in this case: a claim for additional compensation.
 

 Id.,
 
 02-0382, pp. 14-17, 828 So.2d at 39-40.
 

 Because, as pointed out by this Court in
 
 Parry,
 
 all open account claims are
 
 *886
 
 also contractual in nature, whereas the converse is not true, if the three-year prescriptive period for open accounts provided by La. C.C. 3494 is to have any meaning at all, it must take precedence over the ten-year contractual period of prescription provided by La. C.C. art. 3499. Moreover, because we find as a matter of law that for purposes of prescription, the claims asserted by Touro are open account claims, it is not necessary that we attempt also to unravel in precise detail the exact nature of the contractual relationships between and among the various persons and entities involved.
 

 Additionally, there is no merit in Touro’s argument that payment of the discounted rate for Touro’s services somehow constituted an acknowledgement of the debt in such a manner as to convert the claim from open account to contractual. | iSCases cited by Touro in which a written acknowledgement effectively created a new contractual obligation are not applicable. There are no written instruments involved here other than mere payment.
 

 Finally, we note that Touro’s request for a new trial was based on its argument that certain patients within the three-year prescriptive period were “rein-voiced ... with an explanation as to why the discount was not being allowed and why the re-invoice was being issued.” Touro went on to argue that “[t]hose re-invoices constitute charges, entries, or other transactions on the referenced open accounts sufficient to recommence the running of’ prescription. We cannot agree. The prescriptive period on an open account runs from the date of the last purchase or payment.
 
 Tolmas v. Weichert,
 
 616 So.2d 244 (La.App. 4 Cir.1993). There is no dispute that the medical services rendered and all payments made that are subject to this appeal, were made more than three years prior to the filing of this suit by Touro. We do not agree with Touro’s argument that somehow the reinvoices constitute new transactions. For these additional reasons, we find that the trial court did not err in applying the three-year prescriptive period. Therefore, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . There were numerous other defendants named by Touro in the original suit who are not parties to this appeal.
 

 [2]
 

 . It appears that Touro may have dismissed its claim against HMA, Inc., which would explain why HMA is the only defendant named in the judgment of the trial court that has not filed anything in connection with this appeal. However, as appellee, it is not required that it do so.
 
 Ventress v. Union Pacific R. Co.,
 
 96-0501 (La.5/3/96), 672 So.2d 668.
 
 *880
 
 HMA, Inc. was a named party in an opposition to Touro's alternative supervisory writ application filed on its behalf along with Sharp, SHA, LLC, Coresource, Inc., Great West and Unicare and that writ application as noted elsewhere in this opinion has been consolidated with this appeal.
 

 [3]
 

 . All patients are referred to herein by their initials in an effort to respect their privacy.
 

 [4]
 

 . Redesignated as paragraph "D" by act 2001, No. 1075, § 1.