IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BROADBAND DYNAMICS, LLC, *Plaintiff/Appellant*,

*v.*

SATCOM MARKETING, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0102
FILED 3-1-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2016-003476
The Honorable Dawn M. Bergin, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik (argued)
*Co-Counsel for Plaintiff/Appellant*

Provident Law, PLLC, Scottsdale
By Christopher J. Charles, Edwin G. Anderson
*Co-Counsel for Plaintiff/Appellant*

Berke Law Firm, PLLC, Phoenix
By Lori V. Berke (argued), Jody C. Corbett
*Counsel for Defendants/Appellees*

## OPINION

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined.

**M c M U R D I E**, Judge:

**¶1** Broadband Dynamics, LLC ("Broadband") appeals the superior court's order dismissing its complaint against SatCom Marketing, Inc. and SatCom Marketing, LLC ("SatCom"). We reverse and remand to the superior court, holding that when a written contract provides for obligations that would give rise to both a claim for debt on an open account and a claim for breach of contract, the six-year statute of limitations under Arizona Revised Statutes ("A.R.S.") section 12-548 applies to the claims that are based on damages arising from the breach of contract. Broadband's breach of contract claim was based on obligations provided for in the written contract between the parties, which were separate from the open account obligations, and therefore the superior court erred by barring Broadband's claim under the three-year statute of limitations under A.R.S. § 12-543.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2** In September 2008, Broadband and SatCom entered a Service Agreement in which Broadband would provide SatCom with dedicated voice and telecommunications services. The term of the Service Agreement was 12 months, with an effective date of October 22, 2008. The agreement provided an automatic 12-month renewal that could be canceled with 90 days' notice prior to the anniversary date. The Service Agreement provided, in relevant part: (1) the parties intended to establish an open account; (2) Broadband would invoice monthly based on usage; and (3) SatCom would pay the amount due by the 21st of the following month. The Service Agreement also provided for liquidated damages as follows:

---

[1] We assume the truth of, and indulge all reasonable inferences from, the well-pled factual allegations. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

Termination Charge. If Customer terminates the Agreement without cause, or if Broadband terminates the agreement for cause, Customer will pay their total dollar commitment to Broadband as defined as the term of this agreement or any months remaining in term inclusive of any renewal periods multiplied by the total of *the revenue and usage commitments*. Customer hereby acknowledges that any termination charges payable under this section are a realistic estimate of the damages Broadband will suffer for the termination.

(Emphasis added).[2]

**¶3**　　　In January 2016, Broadband sued SatCom for breach of contract and requested the principal sum, calculated per the Termination Charge, of $100,044.93 ($14,334.43 (revenue commitment) plus $85,710.50 (usage commitment)), plus interest from April 20, 2011. SatCom moved to dismiss, arguing that Broadband's claim was barred by the three-year limitations period governing open accounts. *See* A.R.S. § 12-543(2). In response, Broadband argued the six-year limitations period applied because the claim was premised on SatCom's termination of the Service Agreement, not the balance due on an open account. *See* A.R.S. § 12-548(A)(1). Following supplemental briefing, the superior court agreed with SatCom and dismissed the complaint as time barred, concluding:

[T]he Termination Charge is part of an open account agreement between the same parties and constitutes a penalty for failing to comply with the terms of the open account. In addition, the calculation of the Termination Charge is based upon prior usage or service. In short, the Termination Charge is too intertwined with the services required by the Agreement to treat it as a separate contract.

---

[2]　　　The test for whether a contract fixes an unenforceable penalty or enforceable liquidated damages is whether the payment is for a fixed amount or varies with the nature and extent of the breach. *Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC,* 242 Ariz. 108, 112–13, ¶ 21 (2017); *Miller Cattle Co. v. Mattice,* 38 Ariz. 180, 190 (1931); *Pima Sav. and Loan Ass'n v. Rampello,* 168 Ariz. 297, 300 (App. 1991). We do not resolve in this appeal whether the Termination Charge is an appropriate liquidated damages provision, or an impermissible penalty. *See infra* ¶ 14.

Following entry of a final judgment, *see* Ariz. R. Civ. P. 54(c), Broadband timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**         We review the superior court's dismissal of a complaint *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We will affirm if the plaintiff is not entitled to relief "under any facts susceptible of proof in the statement of the claim." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 5 (App. 2010) (quoting *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996)).

## A.    Broadband's Claims Were Not Barred by the Three-Year Statute of Limitations in A.R.S. § 12-543.

**¶5**         Broadband argues the superior court erred by applying the three-year statute of limitations to its breach of contract claim. We review *de novo* the application of a statute of limitations, *Watkins v. Arpaio*, 239 Ariz. 168, 170, ¶ 7 (App. 2016), considering the nature of the cause of action and not the form, *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 218 Ariz. 293, 298, ¶ 21 (App. 2008) (citing *Atlee Credit Corp. v. Quetulio*, 22 Ariz. App. 116, 117 (1974)). "The defense of the statute of limitations is not favored by the courts, and where two constructions are possible, the longer period of limitations is preferred." *Woodward v. Chirco Const. Co., Inc.*, 141 Ariz. 520, 524 (App. 1984), *approved as supplemented*, 141 Ariz. 514 (1984).

**¶6**         The Service Agreement characterizes the parties' agreement as "an open account." An open account is one "where there are running or concurrent dealings between the parties, which are kept unclosed with the expectation of further transactions." *Krumtum v. Burton*, 111 Ariz. 448, 450 (1975) (quoting *Connor Live Stock Co. v. Fisher*, 32 Ariz. 80, 85 (1927)). A cause of action to recover on an open account arises from "a contract between the parties for work done or material furnished." *Underhill v. Smith*, 23 Ariz. 266, 269 (1922). To recover on an open account, the plaintiff must meet its burden to prove "the correctness of the account and each item thereof." *Holt v. W. Farm Servs., Inc.*, 110 Ariz. 276, 278 (1974). The statute of limitations runs on an open account from the date the last item is charged. *Krumtum*, 111 Ariz. at 451.

**¶7**         Broadband concedes that the Service Agreement created an open account between the parties, and that accordingly, the three-year statute of limitations bars a claim for any unpaid balance on the open account. However, Broadband contends the Service Agreement is also an enforceable contract, setting forth the duties and liabilities of the parties

4

apart from SatCom's promise to make timely payments, to which the six-year statute of limitations in A.R.S. § 12-548(A)(1) applies. *See Connor Live Stock Co.*, 32 Ariz. at 85. We agree.

¶8 "An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account." *Connor Live Stock*, 32 Ariz. at 85. The Service Agreement sets forth other obligations that were separate and distinct from SatCom's duty to pay for services provided on the open account. *Cf. Flori Corp. v. Fitzgerald*, 167 Ariz. 601, 602 (App. 1990) (action on a guaranty was governed by the six-year limitations period regardless of whether a claim on the underlying open-account debt was barred by the three-year statute of limitations). These included provisions which provided for exclusivity, a 12-month renewable term, monthly access charges and guaranteed minimum usage, and liquidated damages in the event of early termination. These terms are typical of a written contract and do not fall within the definition of an open account. *See, e.g.*, *Underhill*, 23 Ariz. at 269 (defining an open account as "a contract between the parties for work done or material furnished").

¶9 The logic behind an open account's shorter statute of limitations does not support applying it to the contract claim in the instant case. Open accounts are held to the same statute of limitations as an oral debt. A.R.S. § 12-543. The shorter statute of limitations for oral debt "recognizes the inherent difficulties of proving an oral contract," which are frustrated by "evidence that becomes less reliable through passage of time." *Kersten v. Cont'l Bank*, 129 Ariz. 44, 47 (App. 1981). Debt evidenced by a written contract, however, is memorialized in writing and therefore afforded a longer statute of limitations. A.R.S. § 12-548(A)(1); *see Kersten*, 129 Ariz. at 47. While the Service Agreement between the parties in this case may have characterized itself as establishing an open account, the agreement was memorialized in writing between two sophisticated and represented parties; its terms therefore did not require proof based on the unreliable evidence used to prove an oral agreement.

¶10 SatCom counters by arguing Broadband's claim, even for the amount owed under the Termination Charge, is based on a contract that created an open account, and no Arizona authority supports a holding that multiple claims can be asserted by a plaintiff arising from an open account. While no Arizona case is directly on point, our caselaw does acknowledge multiple claims, including a breach of contract claim, being brought in addition to claims for amounts owed on an open account, when both arose from the same agreement. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 235 Ariz. 509, 511, ¶ 2 (App. 2014) (seller agreed to sell items to buyer on an

open account; seller sued buyer for breach of contract and negligent misrepresentation, seeking over $5 million in damages), *rev'd on other grounds*, 239 Ariz. 151 (2016); *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586 (App. 1981) (discussing dismissal, on other grounds, of plaintiff's claims for collection "on an open account owed for certain printing delivered under the terms of the contract" and for damages "for the premature wrongful termination of the contract"); *see also Wean Water, Inc. v. Sta-Rite Indus., Inc.*, 141 Ariz. 315, 316 (App. 1984) (seller sold business to buyer; buyer sued seller for breach of contract, misrepresentation, and fraud, and seller counterclaimed for breach of contract and balances due on a promissory note and an open account); *Phoenix Newspapers, Inc. v. Schmuhl*, 114 Ariz. 113, 115 (App. 1976) (seller sued for breach of contract and for payment of newspapers furnished on an open account). Our conclusion is further bolstered by the difference in the elements a plaintiff is required to prove on a claim to recover debt on an open account and a claim for breach of contract. *Compare Holt*, 110 Ariz. at 278 (to recover on an open account, the plaintiff must meet its burden to prove "the correctness of the account and each item thereof"), *with Graham v. Asbury*, 112 Ariz. 184, 185 (1975) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages.").

¶11          SatCom also claims out-of-state caselaw suggests that a cause of action arising out of an open account is governed by the limitations period applicable to a suit on the open account. *See Touro Infirmary v. Am. Mar. Officer*, 34 So. 3d 878, 883–86 (La. Ct. App. 2010); *Dean Vivian Homes, Inc. v. Sebera's Plumbing & Appliances, Inc.*, 615 S.W.2d 921, 926 (Tex. Civ. App. 1981). We find these cases unpersuasive. In *Touro*, the claim asserted by the plaintiff was for the balance due on an open account, though the exact amount was in dispute, and there was no written agreement between the parties. 34 So. 3d at 886. Here, Broadband is seeking relief under the liquidated damages clause as part of the written Service Agreement, and has specifically conceded that it cannot collect any unpaid balance due on the open account. In *Dean Vivian*, the claim asserted by the plaintiff was also for balance due on an open account, but did include a claim for interest based on a written agreement. 615 S.W.2d at 923–24. However, the application of a statute of limitations under either an open account or a written contract was not at issue, and therefore that case is also not informative.

¶12          Finally, we disagree with the superior court's finding that the Termination Charge was "too intertwined" with the open account agreement to allow for a breach of contract claim. The superior court

explained that (1) the lack of a separately signed agreement, (2) the Termination Charge being enforced as a penalty for failing to comply with the terms of the agreement, and (3) the calculation of the Termination Charge being based on prior usage all supported a finding that Broadband's claim should be barred by the three-year statute of limitations for actions on open accounts.

¶13　　　　The factors cited by the superior court are not determinative of the statute of limitations issue. Instead, when determining whether a plaintiff's claim should be construed as one on an open account or one based on a breach of a written contract, where a written agreement contains mixed obligations, some of which cannot be characterized as an open account, we look to the parties' obligations under the agreement and determine whether they are seeking a remedy for an unpaid balance due on the open account, or for damages because of a breach of the written contract. As previously noted, if "two constructions are possible, the longer period of limitations is preferred." *Woodward*, 141 Ariz. at 524. Accordingly, Broadband's claim against SatCom for breach of the written Service Agreement should be allowed to proceed under § 12-548 because the obligations and remedy sought are not based on those of an open account.

**B.　The Enforceability of the Liquidated Damages Provision is Not Properly Raised on Appeal.**

¶14　　　　In the answering brief, SatCom urges us to affirm the judgment dismissing the case because the Termination Charge constitutes an unenforceable penalty. Although we may affirm if the dismissal was correct for any reason, *see Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014), we decline to consider this issue because it was not addressed by the superior court and the facts are not sufficiently developed to permit a proper legal analysis. *See Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 72, ¶ 15 (App. 2014); *see also* ARCAP 13(a)(7)(B) (argument on appeal should contain "references to the record on appeal where the particular issue was raised and ruled on"); *cf. Watson v. Apache County*, 218 Ariz. 512, 517, ¶ 23 (App. 2008) (declining to address argument that summary judgment was proper because claim was precluded by economic loss rule).

**C.　Attorney's Fees and Costs on Appeal.**

¶15　　　　Both parties request their attorney's fees on appeal pursuant to the Service Agreement and A.R.S. § 12-341.01. Because SatCom is not the successful party, we deny its request. Because Broadband is the successful

party, we grant its request for reasonable attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶16**        Because the obligations and remedy Broadband sought are not based on those of an open account, its claim against SatCom for breach of the written Service Agreement should be allowed to proceed under § 12-548. We reverse and remand to the superior court for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:  AA